# CLARK *v.* BARRINGTON.

A traveler upon a public highway is bound for ordinary care and prudence, in providing a suitable horse, carriage and harness, but for nothing more.

Therefore, in case of injury by reason of a defect in such highway, he is not precluded from recovery by proof that a defect in the carriage contributed to the injury, provided the defect was not known to him, and he was in no fault for not knowing it.

CASE, for injuries sustained by the plaintiff, Dennis Clark, by being thrown from his wagon through a defect in the highway.

The plaintiff introduced evidence tending to prove that in passing down a hill in the highway, in which there were several bars across the road, designed to turn the water from the road into the gutters at the sides, alleged to be both too high and too steep, his right wheel dropped into a hole above one of these bars, by which that wheel

Clark *v.* Barrington.

was suddenly obstructed, and a severe strain brought upon the hook in the left shaft of the wagon, to which the breeching was attached, and it was instantly broken, in consequence of which the wagon ran against and alarmed the horse, who ran down the hill and over the bars. In a few rods the wagon was upset and the plaintiff thrown out and severely injured.

The evidence of both parties tended to show that the hook was not entirely sound iron, but was defective, or partially broken. The evidence for the plaintiff tended to show that the fracture and place of the defect in the iron was below the surface of the shaft, where it could not be seen, and that the wagon had been in common use for fifteen years, without discovering any signs of such defect. The defendants' evidence tended to show, from circumstances, that the plaintiff was aware that there was such a defect.

The question, whether the road at the place in question was in good condition and repair, and suitable for the travel passing upon it, and whether there existed such a defect in it as the plaintiff alleged, was submitted to the jury; as also the condition of the carriage and hook, and the question whether the plaintiff was aware of the defect in the hook, or was justly chargeable with any negligence or fault in relation to that or in any other particular.

The jury were instructed as to the extent of the liability of towns to keep their roads in good repair, and free from defects and obstructions; and that they are not liable for injuries arising from such defects, where there was any fault or negligence on the part of the person who had sustained the damage; and to these instructions no exception was taken.

The jury were further instructed, that if a highway is out of repair, and insufficient, and the injury is the result of the concurring action of the defective condition of the road, and of some accident, and the party sustaining the

injury has been guilty of no fault or negligence in rela-
tion to the cause of such accident, the town will be respon-
sible; as if, for instance, the injury was occasioned by
the insufficiency or defect of the road, and by a defect in
the sufferer's carriage or harness, of which he had no
knowledge, and was in no fault that he did not know of
it, the town would be liable. But if he was aware of the
defect, or was in fault that he did not know it, and is
chargeable with negligence in using such defective car-
riage or harness, the town will not be liable. To this
instruction the town took exception.

There was evidence tending to prove and to disprove
the existence of the hole which the plaintiff contended
was the immediate cause of the accident, and much evi-
dence as to the repairs made on the road. The plaintiff's
evidence tended to show that the hole, which was only a
deep rut, was filled up the same day, one witness testify-
ing that he noticed new materials filled in, in the place
where the rut was said to be, as he passed in a wagon
afterward on the same day, and that his wheel made the
first track across it, while the evidence of the town tended
to show that nothing was done to the road for some
twenty days afterward. Among other witnesses for the
town was Mr. William Hale, the surveyor of the district
for that and many former years, and who was represented
as a very careful, prudent and judicious man. He testified
that on hearing of the accident he went immediately to
the place, the same forenoon, and saw no defect, and made
no repair on the road whatever. On commenting on this
evidence, it was remarked to the jury that in weighing
the evidence relative to the defect, they might judge
whether, if such a defect existed, it would be likely to
continue long after such an accident had occurred, espe-
cially as any person could fill it up in a few moments;
and whether, if a man of Mr. Hale's prudence and care
should see such a defect, he would be likely to go away

and leave it as it was, though he did not now remember that he did any thing. If the hole was so filled by any one, the testimony of the witnesses, who only saw it afterward, would be of little weight. The defendants excepted to this observation.

The jury found a verdict for the plaintiff, and the defendants moved that it might be set aside for errors in the charge.

*Christie,* for the defendants.

The instruction of the court to the jury, to which exception was taken, was erroneous:

1. Because it undertakes and professes to state the things necessary to be proved, in such cases, in order to charge the town and entitle the plaintiff to recover; and yet in so doing omits entirely one thing that has been held essential, namely, that " it must be proved, or appear, that the injury complained of would not have happened but for the defect in the highway." *Palmer* v. *Andover,* Cush. 600; *Norris* v. *Litchfield,* 35 N. H. 271; *Murdock* v. *Warwick,* 4 Gray 178.

2. The doctrine of the charge makes towns insurers against the consequences of unknown defects or insufficiencies in the harnesses and carriages of travelers. But towns are, by the statute, made liable only in cases where special damage shall happen to any person by reason of the obstruction, insufficiency, &c., of the highway. And the construction has always been, and, we submit, should always be, that towns are not liable in cases where any other cause than the insufficiency of the road has contributed directly and proximately to the injury. And the reason is that it is impossible to know what proportion of the damage is occasioned by one and what by the other, or whether there would have been *any damage* at all but for the insufficiency of the traveler's harness or carriage.

*Murdock* v. *Warwick*, 4 Gray 178 ; *Coombs* v. *Topsham*, 38 Me. 204 ; *Moore* v. *Abbott*, 32 Me. 46.

*Wheeler & Hall*, and *Woodman*, for the plaintiff.

I. The defendants did not ask the court for the instructions which are the ground of the first exception. This exception, then, comes too late, and so whether taken to the charge or to the proof. *Moore* v. *Ross*, 11 N. H. 547.

II. The point contended for was substantially embraced in the charge, and passed upon by the jury ; for, from the charge given, the jury must have found that the injury was the result of the defective condition of the road, or of the " concurring action of the defective condition of the road and of some accident." Every result or effect has a cause or causes. If, then, the injury was the result of the defective condition of the road, the injury would not have happened but for the defect.. If it was the result of the concurring action of two causes, it would not have happened but for such concurring action ; and if the defective condition of the road was one of the two causes, it would not have happened but for such defective condition.

III. To maintain this action three things are essential. 1. A defect in the highway. 2. The defect must have caused the injury. 3. No want of ordinary care on the part of the plaintiff,—all of which are embraced in the charge, and must have been passed upon and found for the plaintiff, or the verdict must have been the other way. *Farnum* v. *Concord*, 2 N. H. 392 ; *Smith* v. *Smith*, 2 Pick. 621 ; *Lane* v. *Crombie*, 12 Pick. 177 ; *Adams* v. *Carlisle*, 21 Pick. 146 ; *Norris* v. *Litchfield*, 35 N. H. 276.

If the doctrine contended for by the defendants in their second point is to be received, the question of ordinary care is dispensed with, and the plaintiff must exercise every possible care, and then fail in his action because he

has not the eye of Omniscience to discover what to human eyes is hidden.

It is said, when there are two concurring causes, it is impossible to know what proportion of the damage is occasioned by one and what by the other. It is sufficient to say, if there had not been an accident there would not have been damage ; and there would not have been an accident, as the jury have found, but for a defect in the highway.

The instructions of the court are fully sustained by the following authorities : *Farnum* v. *Concord* and *Norris* v. *Litchfield*, before cited ; *Littleton* v. *Richardson*, 35 N. H. 59 ; *Smith* v. *Smith*, 2 Pick. 621 ; *Thompson* v. *Bridgewater*, 7 Pick. 188 ; *Howard* v. *North-Bridgewater*, 16 Pick. 189 ; *Adams* v. *Carlisle*, 21 Pick. 146 ; *Palmer* v. *Andover*, 2 Cush. 608 ; *Hunt* v. *Pownal*, 9 Vt. 418.

BELLOWS, J. As to the defendants' first exception in his brief, it does not appear that such instructions were asked for, or that any exception was taken at the time ; and the only question now is, were the instructions that were excepted to erroneous, for the reason that the matter noted in the defendants' first point was omitted, or for any other cause ?

The plaintiff's case is, that by reason of a defect in the road a severe strain was brought upon a hook in the left shaft of the wagon, by which it was broken, and the injury happened in consequence. But, on the other hand, the existence of the defect was disputed, and evidence offered tending to disprove it. The evidence, however, on both sides went to show that the hook was unsound, defective, or partially broken ; that of the plaintiff, that the defect and place of fracture was below the surface of the shaft, and had not been discovered ; that of the defendants tended to show that the plaintiff knew of the defect.

The point of the charge is, that though the defect in the hook might have contributed to the injury, yet, if it was unknown to the plaintiff, and he was in no fault for not knowing it, the town was liable. As to the general proposition in the charge, that if the injury was the result of a defect in the road, and some accident for which the plaintiff was in no fault, the town would be liable, there can be no objection. For the roads should be constructed in reference to such accidents, and be made reasonably safe, in case they happen ; as in respect to railings upon a bridge, or the edge of a precipice, they being required for the very purpose of protection in case of accidents. If, for the want of such reasonable protection, a horse should be frightened, and, without fault of the driver, spring to one side, so as to throw off the carriage, the town would unquestionably be liable. But the illustration given by the judge must be taken as the rule to guide the jury ; and the precise question is, whether the carriage and harness must be absolutely sound and safe in all their parts, without regard to the question whether the plaintiff knew of the deficiency or not, or was or was not in fault in not knowing it.

The general proposition undoubtedly is, that there must have been on the part of the plaintiff the exercise of ordinary care and prudence. *Butterfield* v. *Forrester*, 11 East 60 ; *Farnum* v. *Concord*, 2 N. H. 392. But whether this implies that his horse, carriage and harness must be absolutely sound and suitable at all events, is the question. It is quite clear that the injured person may be in the exercise of ordinary care and prudence, and yet a defect exist in his horse, carriage or harness, that has escaped his observation. A bolt may become loose by the working off of the nut ; iron may give way by reason of a hidden flaw, existing from the first, or caused by some unperceived shock in the use ; the harness may fail, for similar causes ; or the horse, though reasonably safe, may

prove unmanageable in some cases, where a horse perfectly trained would have avoided the accident. To hold that the town was not liable in such cases, although the injury was caused by a defect in the road, coöperating with such defect in the horse, carriage or harness, would trench seriously upon the simplicity of the rule, that the plaintiff must have been in the exercise of ordinary care and prudence. Instead of that, we must have the rule that the plaintiff must be provided with horses, carriages and harnesses absolutely sound, and free from defect in every respect, and at every point; in fact, that he must be bound for the exercise of extraordinary care and prudence in respect to his equipage. Such a doctrine, we think, is not sustained by reason or authority. The ordinary care and prudence which the law requires applies as well, we think, to the provision of horses, carriages and harnesses, as to their management when in use by the plaintiff.

In the case of passenger-carriers, though they are not warrantors, like carriers of merchandise, the rule of law is very stringent, requiring the use of the utmost care and diligence in providing coaches and other carriages, steady horses, and competent and skilful persons to manage them, and making the proprietors liable for the smallest negligence in any of these things. Redf. on Railr. 323, and note. And yet it is held in these cases, that where an injury happened by the breaking of the iron axletree of a coach, caused by a flaw in the centre, not visible upon the surface and not to be discovered by the most careful and thorough examination, the proprietor was not liable. See *Ingalls* v. *Bills*, 9 Met. 1, where the cases on this point are fully examined.

In that case the verdict for the plaintiff was set aside because the court instructed the jury that the coach must be at all events road-worthy, and that the defendants

would not be excused by showing the defect to have been a hidden one. In these cases, carriers are bound for the same degree of care, in providing suitable carriages and cars, as in conducting them when in use, and we see no ground for any distinction. And so it is in respect to those who have occasion to use the public highways, though ordinary care is required of them, instead of the extraordinary care required of carriers.

The rule which we hold should govern the traveler in respect to the condition of his team is sustained by *Hunt* v. *Pownal*, 9 Vt. 418 ; *Palmer* v. *Andover*, 2 Cush. 608 ; which is well considered and cited in *Norris* v. *Litchfield*, 36 N. H. 276.

It is said by counsel that as the law requires of towns a highway absolutely safe, and holds it responsible for damages caused by a hidden defect, though there be no fault in not discovering it, so the traveler ought to be held to the corresponding obligation of providing teams absolutely safe and free from defects. But we apprehend that towns are not held to the degree of strictness assumed by counsel. On the contrary, as we understand it, they are required to keep their roads in a reasonably good state of repair, considering the extent and nature of the use for which they are required ; and of this the jury are substantially the judges. In constructing the roads they are bound for ordinary care and skill, and in case of injury by stones or otherwise, they are, as the law now stands, only bound for reasonable vigilance in discovering the defect and making the repairs. In case of an injury to a road properly constructed, by water or other cause operating beneath the surface, and not discovered by the town, and the town being in no fault for not discovering it, we should hesitate long before holding the town liable. *Herbert* v. *Concord*, 32 N. H. 52 ; *Plummer* v. *Haverhill*, 32 N. H. 74.

The comment of the judge upon the testimony of Mr. Hale was not objectionable. It was proper that the attention of the jury should be called to his position as the surveyor.

There must, therefore, be

*Judgment on the verdict.*