HIRAM K. HUNT & WIFE *v.* The Town of POWNAL.

Rutland,
January,
1837.

An action to recover damages of a town, or other corporation, for an injury happening through the insufficiency of a road, which it is made their duty by statute to repair, is not local, so as to require the action to be brought in the county where the injury occurred.

*Quære:* Whether any action could be here sustained for such an injury happening without the State.

If the road be out of repair, and the injury happen by reason of such want of repair, and the plaintiff or his agents are guilty of no want of care and prudence, the defendants are liable, notwithstanding the primary *cause of the injury was the failure of a nut or bolt, which was insufficient, or improperly fastened.*

If there be no fault on the part of the plaintiff, which common sagacity and forecast could have anticipated and provided against, and the loss be the combined result of accident and the insufficiency of the road, the plaintiff may recover.

This was an action on the case for an injury sustained by Mrs. Hunt, one of the plaintiffs, through the insufficiency of a highway in said town. On the trial, the defendants objected to a recovery by the plaintiffs, on the ground, that the injury, complained of, occurred, if at all, upon a highway in the county of Bennington;—that the action was local, and should have been brought and prosecuted in the county of Bennington; but the court overruled the objection, and decided that the action might be brought and sustained in the county of Rutland.

The plaintiffs offered testimony, tending to shew, that Mrs. Hunt, in company with some friends, at the time mentioned in the declaration, was travelling in a wagon, drawn by two horses and containing six persons and their baggage, on her way from Connecticut to West Haven, in Vermont;—that the road, on which the injury complained of occurred, was, at the time and place where and when the injury was sustained, about eleven feet wide, that it run along at the base of a high, rocky and precipitous mountain on one side, and having a rapid stream, called Hoosack river, which was considerably swollen by rains at the time, on the other side, that the declivity from the edge of the road to the water was quite steep, and of the distance of eight or ten feet, and, to the bed of the river, about fourteen feet;—that the road at that place had been long known as the dug-way, and that the only muniment on the river-side of the road was a small rotten poplar pole, of about four inches in diameter, with

Rutland,
January,
1837.

Hunt & wife
v.
Town of
Pownal.

one end resting on the ground and the other a little elevated ;—that, under this pole, and imbedded in the earth, was another pole rather longer than the former, but which presented no obstacle to a wagon ; running off the bank ;—that as the driver was proceeding carefully along the road at this place, the nut, which had been screwed on the inner end of the bolt, which passed through and connected the left arm of the tongue to the forward axletree, came off,—that the forward wheels thereupon instantly turned nearly at right angles with the road toward the river, struck and broke the poplar pole aforesaid, and the wagon, with all its contents, was instantly precipitated down the bank into the river ; that Mrs. Hunt, thereby sustained a most serious and permanent injury ;—that the road in question was very much travelled—that the wagon was obtained of a Mr. Cooley of Williamstown, was carefully examined and in good and safe condition, when it left Cooley's house, and that, after leaving Cooley's house, they proceeded directly on their way, until they come to the dug-way aforesaid, which is about two miles north of said Cooley's house.

The defendants offered testimony, tending to shew, that the road in question was about sixteen feet wide, smooth and well wrought, that the surface of the road was a little declining from the edge of the river-bank towards the mountain ;—that the wagon was hired of Cooley by Andrus, as agent of plaintiffs, and that it was unsuitable and insufficient to carry and safely sustain the load, with which it was laden at the time the injury occurred ;—that the nut and bolt were insufficient, and that the nut was insufficiently and improperly screwed to said bolt, at the time the wagon was hired of Cooley.

The counsel for the defendants requested the court to charge the jury, that, if they found that the accident would not have happened, and the injury, complained of, would not have been sustained, if the nut in question had not come off, they must find for the defendants. They further requested the court to charge the jury, that, if they found that the accident happend, and the injury occurred from the nut and bolt being insufficient, in themselves, or from the nut being insufficiently screwed to the bolt, they must find for the defendants ; and that it was immaterial whether the insufficiency of the nut and bolt was or was not known to the plaintiffs' agent, when he hired the wagon, and that, if the nut was insufficiently screwed on, it was immaterial

whether this arose from the negligence of the plaintiffs' agent, or of the driver, or of Cooley, the owner of the wagon.

But the court refused to charge the jury as requested, and did charge that, if they found from the testimony, that that part of the road in question, upon which the accident happened and the injury occurred, was insufficient, and in want of repair, by reason of there not being a proper and necessary railing or muniment on the river-side of the road, and that the injury, complained of, occurred in consequnence of such insufficiency and want of repair, and that the plaintiffs' agent, in hiring the wagon, used ordinary care and prudence in examining and ascertaining its soundness and sufficiency, and that plaintiffs' agent and driver, at the time the nut came off, was driving with ordinary care, and, after the nut came off, used ordinary care and prudence · in arresting the consequences of the accident, the plaintiffs were entitled to recover. The court, also, charged the jury, that, if they found that the nut came off on account of the insufficiency of the nut and bolt, or by reason of the nut being improperly screwed on, provided that was done by the negligence or want of care in Cooley, of whom the wagon was hired, or of his servants, and not by the neglect or want of ordinary care in plaintiffs' agent or driver, the fact, so found by them, constituted no objection to the plaintiffs' recovery. To all which the defendants' excepted, and the case came here for revision of this court.

——— ———, *for defendant,*

It is a material averment in the declaration, that the place, where this injury was sustained, was a public highway. This averment was traversed by the general issue, and, on trial, it became necessary for the plaintiffs to prove this such an highway, as the town were under obligation to keep in repair. The existence of this highway was then, not collaterally, but directly in issue, for, if this was not a highway, there could be no liability on the town.

I. It is claimed on the part of the defendants, that this action, at common law, and by statute, is local, and can be sustained only in the county where the injury was sustained.

1. At common law, all actions for the disturbance of a right of way, either public or private, are local, and must be brought in the county where the injury arose. 1 Chit. Pl. 271. *Gould's* Pl. 116. 7 Co. 2, b. A disturbance of this right consists in

Rutland,
January,
1837.

Hunt & Wife
v.
Town of
Pownal.

the prevention of that full and perfect enjoyment of the same, as secured by law, and may be effected, either by the erection of obstacles, or by suffering it to be so out of repair that it cannot be thus used and enjoyed.   10 Petersdoff's Ab. 340, margin.   Such is the nature of this action.   The plaintiffs complain that they have been hindered and prevented from the full, safe, and perfect enjoyment of this right of way, as secured by law, by the neglect of the town to keep it in repair, and that, in consequence of this neglect, they have sustained the injury of which they complain. So also, actions for a nuisance are local—and, in all cases, it is immaterial, whether the injury arose by misfeasance or nonfeasance.   Thus actions on the case for the continuance of a nuisance are local.   So are actions for permissive waste.   1 Taunt. Rep. 379.   6 id. 29.   4 M. & S. 101.   2 Bing. 263.   Saund. Pl. & Ev. 918, 686.

2.  All actions are local, in which are put in issue, to be tried, the *right* and *title* of *public* or *private easements.*   Such are actions for obstructing and diverting water courses.   The right to the use of a stream of water is an easement, and may be either public or private.   On this principle was decided the case of *Mersey & Irwell Navigation Co. v. Douglas,* 2 East's Rep. 497, in which case the plaintiffs declared that they were disturbed in the navigation of the river Irwell, by the erection of a dam across said river, by the defendants, to which was pleaded the general issue, thus putting in issue the existence of this public right, and the *action was held local.*   This principle must apply to the right of way, for this is also an easement, either public or private, and was so applied in the case of *Spear v. Bicknell,* 5 Mass. Rep. 125.   In that case, the plaintiff declared in trespass for breaking and taking away plaintiff's gate, standing on his land.   The defendant replied that the *locus in quo* was a public highway, and that it obstructed the use of the same, and that he removed it as he had a right to do, thus putting in issue the existence of this public easement.   And the question was, whether a justice could try the same.   And it was held that the justice had not jurisdiction over the case, for trying the existence of this right of easement was trying the title to a "real franchise," and would oust the jurisdiction of a court, that had not jurisdiction over titles to real estate.   The same principle was also decided in the following cases:  *Strout v. Berry,* 7 Mass. Rep. 385.   7 Conn. Rep. 419.   The same principle has also

been applied to an action on the case; for the diversion of a private stream of water, and a judgment rendered by a justice, in such an action, has been decided void on *audita querela*.

Rutland,
January,
1837.

Hunt & Wife
v.
Town of
Pownal.

It cannot be urged that this question arises collaterally in the case, for it will be perceived that it arises in the same way; as in the cases cited from East's and Mass. Rep. Each of those cases was pending between two individuals for damages; and the existence of a public easement was the foundation of the plaintiffs' action in one case; and of the defendant's defence in the other. So, this is a suit pending for damages, and the existence of this public easement is alleged; traversed, and is the foundation of the plaintiffs' action. If, therefore; in those cases; the existence of the easement arose sufficiently direct to render those actions local, it must; necessarily, have the same effect in the case at bar.

3. It is a general rule; that all actions are local when the cause of action could only have arisen in a particular place or county, and that, where an action is brought in a different county; it is a defect, of which advantage can be taken under the general issue. 1 Chitty on Pl. 284, 271. Saund. Pl. and Ev. 412; 414. The cause of action, in this case, is the neglect of the town to repair this road. The damages, sustained by the plaintiffs, are a consequence of this neglect. The cause of action could arise in no other place or county, and, necessarily, is as local as the highway itself.

These principles of the common law are not altered by our statute, p. 72. Indeed, so far as local actions are concerned, our statute is in affirmance of the common law. The intention of the legislature, in the enacting clause, was manifestly to regulate and *limit* the *venue* in transitory actions, requiring them to be brought in the county where one of the parties reside—if so, they certainly did not intend to *extend* the venue in local actions. The proviso of the act, also, manifestly, (from its phraseology,) was intended to except actions local at common law.

All statutes are to be so construed that the whole may stand or have an effect according to the maxim, ut *res magis valeat quam pereat*. The expression; " trespass committed on the freehold," must refer to other cases than those referred to in the former part of the proviso; under the expression, " actions of trespass." Else it is mere repetition. The true construction of

Rutland,
January.
1837.

Hunt & wife
v.
Town of
Pownal.

this proviso is, that all actions of trespass and ejectment, and all actions for *trespasses or injuries on or to real estate*, shall be brought in the county where the lands lie. This action, therefore, being founded on an injury to this "real franchise," by the neglect of the town to keep it in repair, is rendered local by the construction and express provision of the act. Indeed. if the case in 5 Mass. Rep. is correct, it cannot be contended, that any case that tries the right and title of a public easement, or to real estate, can be tried out of the county where that right exists, either at common law, or by our statute.

II. The statute creates a liability on the town, only "where special damage has arisen by means of the insufficiency or want of repair of said road"—and, in the construction of the statute, it has been uniformly held that the damage must *solely arise* from that cause, and that an action cannot be sustained where the injury arose, partly from the neglect of the town, and partly from the neglect of the party. 1 Vt. Rep. 353. 5 Vt. Rep. 587. 11 East's Rep. 60. 2 N. H. Rep. 392. On this principle, it is insisted that the jury should have been charged, that this action could not be sustained, if they believed, from the testimony, that the accident would not have happened, if the nut had not come off, for. in such case, the injury is chargeable to that event, rather than to the insufficiency of the road.

There was testimony introduced, tending to shew, that the nut was insufficiently screwed on, and was, also, insufficient in itself. Either of those facts, if believed by the jury, would entitle the defendants to a verdict ; for, if the injury arose from those causes, or if they partly contributed to the injury, it cannot be said that it arose, solely, from the insufficiency or want of repair of said road. The court charged the jury, that the town was liable if the nut was insufficiently screwed on, if done by Cooley's servants. In this respect, Cooley or his servants were the servants of the plaintiffs, and this negligence was the plaintiffs' negligence. But whether they were or not, if the injury was caused by the nut coming off, and it came off, in consequence of its being negligently put on, by any one, the injury then wholly arose from that cause, and, in no way, can it be said, that it arose solely from the insufficiency of the road. To sustain this action on our statute, the plaintiffs must shew the insufficiency of the road, the exercise of proper care, on their part, and that the injury arose exclusively from the insufficiency of the road. In

this case, the injury arose from the nut coming off, and being insufficient in itself, and being insufficiently put on.

The opinion of the court was delivered by

REDFIELD, J.   It is not necessary to go into the discussion of the ancient learning on the *venue* of actions.  That subject is familiar to the profession, and it is well known it had reference to the selection of the jury from the vicinity of the transaction, or the residence of the parties, on some supposed ground of their being, on that account, more competent triers.   Experience has, however, demonstrated, that such is not always,—perhaps not often,—the case, and sometimes the reverse is obviously true.   In this State, the place of trial is fixed with reference to the residence of the parties, with the exception of the actions of ejectment and tresspass on the freehold, which must be brought in the county where the lands lie.   When the parties both reside out of the State, or the defendant resides out of the State, and the plaintiff within the State, the suit may be brought in any county in the State.   If both parties reside within the State, as in this case, the action may be brought in the county where either party resides.   These plaintiffs, residing in Rutland County, had, by the general provision of the statute, the right to bring their suit here.   The action does not come within the exception of the statute as to actions of ejectment and trespass on the freehold.   The statute has made no other actions strictly local.   And we see no good reason why it should have done so.   This statute was framed by eminent jurists, and we are not to suppose they were ignorant that many actions, at common law, were local.   We think, then, it may well be supposed the legislature did not intend to make any other actions local, with reference to the county.   If the cause of action accrued without the State, it would be very questionable whether this action could be sustained;—not that it is an action for nuisance, or for obstructing a public or private way;—but for an injury resulting from the default of defendants to perform a duty, imposed by statute, and in itself concerning, intimately, the internal police of the State.   And, in either case, the remedy is confined to the forum of the place, where the cause of action accrued.

In regard to the other point in the case, it is well settled that if the plaintiff or his agent is guilty of any negligence, either in driving, or in the construction or repair of his carriage, harness, &c. whereby the injury is, in any manner, or any part, hastened

Rutland,
January,
1837.

Hunt & wife
v.
Town of
Pownal.

Rutland,
January,
1837.

Hunt & wife
v.
Town of
Pownal.

or produced, he cannot recover, although the want of repair of the road might have conspired to produce or aggravate the injury. But in this case, the jury have found, that the plaintiff s' agent was guilty of no such negligence. But they were told by the court, that, although the nut or bolt was insufficient, and this through the neglect of the owner of the carriage, still the plaintiffs would be entitled to recover. If this were so, this circumstance, (or accident, so far as plaintiff is concerned,) formed the proximate cause of the injury, and the jury have found virtually, that, had the road been in suitable repair, the injury would have been prevented. The loss, then, is the combined result of accident and of defendants' neglect to repair the road. We think, under such circumstances, the defendants are liable for the loss. It is no doubt true, that, had the accident not occurred, no damage would have been sustained. And had the defendants performed their duty, the same result would have followed. And if in every case, where injuries are produced by accidental causes, conspiring with the insufficiency of roads, towns and corporations are not liable, a case cannot well be supposed, in which they would be liable. For it is well settled, that, when the highways are notoriously insufficient and out of repair, so that nothing, but the most downright fool-hardiness, would tempt one to venture upon them, corporations will not be held liable for damages sustained by those, who attempt to pass them. And if the highways are in any apparently tolerable condition for passing, it can hardly be supposed, that, with the most perfect carriage and harness, and most docile and manageable team, with skilful driving, any loss would occur. The liability of corporations, to afford any security to travellers, must be for similar injuries to the present. If the injury would have been prevented, had the road not been insufficient, or out of repair, the loss, in justice, ought to fall upon the corporation, unless the plaintiff has conducted in such a way as to increase the hazard.

In every case of damage, occurring on the *highway*, we could suppose a state of circumstances, in which the injury would not have occurred. If the team had not been too young, or restive, or too old, or too head-strong, or the harness had not been defective, or the carriage insufficient, no loss would have intervened. It is to guard against *these* constantly occurring *accidents*, that towns are required to guard, in building highways. The traveller is not bound to see to it, that his carriage and harness is

always *perfect*, and his team of the *most manageable* character, and in the *most perfect training*, before he *ventures* upon the highway. If he could be always sure of all this, he would not require any further guaranty of his safety, unless the roads were absolutely impassable. If the plaintiff is in the exercise of ordinary care and prudence, and the injury is attributable to the insufficiency of the road, conspiring with some accidental cause, the defendants are liable.

Rutland,
January,
1837.

Hunt & wife
*v.*
Town of
Pownal.

The judgment of the county court is, therefore, affirmed.