JANUARY TERM, 1853; CIRCUIT SESSION IN SEPTEMBER, 1854;
JANUARY TERM, 1855;

AND AT THE

CIRCUIT SESSION IN SEPTEMBER, 1855.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.

HON. PIERPOINT ISHAM, ⎱ ASSISTANT JUDGES.
HON. MILO L. BENNETT, ⎰

---

THE PROBATE COURT FOR THE DISTRICT OF GRAND ISLE *v.*
DAVID STRONG.

*Probate and guardian's bond.*

A bond filed in the probate court, containing the usual or proper conditions of a guardian's bond, given to the judge of probate by name, with a designation of his official character as judge of probate for that district, and in which the *solvendum* is "unto the said judge or his successor in said office," is, in legal effect, a bond to the probate court.

A bond executed by a guardian and his sureties will be obligatory and effective if its condition is not strictly according to the requirements of the statute, but provides, in different and more general terms, for the faithful execution of the guardian's trust.

DEBT upon the following bond, "Know all men by these pres-
"ents, that I, David Webster, of Constable, in the county of Frank-
"lin, in the state of New York, as principal, and David Strong, of
"North Hero, in the county of Grand Isle, and state of Vermont,
"as surety, are holden and firmly bound and obliged unto Joel
"Allen, Esq., judge of the court of probate for the district of
"Grand Isle, in the penal sum of one thousand dollars, current
"money of the United States, to be paid unto the said judge, or
"his successor in said office, to which payment well and truly to
"be made and done, we bind ourselves and each of us and each of
"our heirs and executors, and administrators, jointly and severally,
"each and every of them, for and in the whole, firmly by these
"presents, signed with our hands and sealed with our seals.

"Dated at North Hero, this 12th day of April, in the year of our
"Lord one thousand eight hundred and forty-two.

"The condition of the above obligation is such that if the above
"bounden David Webster now appointed guardian to Edwin A.
"Webster, Wallis Webster, and David Webster, Jr., of Constable,
"in the county of Franklin, aforesaid, minors and legitimate sons
"and heirs of the said David Webster, shall well and truly and
"faithfully execute and discharge the aforesaid office of guardian
"to the said minors in all parts thereof, according to the rules and
"directions of the law in such case made and provided, and that
"he shall faithfully account for the sale of all such real estate as
"he shall have license from this court to sell, and render a true
"account of his guardianship to the said judge when thereunto law-
"fully required, and shall pay and deliver what and so much of
"the estate belonging to the wards aforesaid, as shall be found
"remaining upon his account (the same being first examined and
"allowed by the judge of probate for the time being, in said dis-
"trict,) unto the said minors when they shall arrive at full age
"or otherwise, as the judge by his decree or sentence, pursuant to
"law shall limit and appoint, then the above obligation to be void
"and of no effect, otherwise to remain in full force, power and
"virtue.

"Signed, sealed and delivered.

"DAVID WEBSTER, [L. S.]

"DAVID STRONG." [L. S.]

The writ issued against both of the obligors in said bond, but a *non est* return was made as to Webster.

To the declaration counting upon the bond, the defendant Strong demurred.

No objections were made to the declaration, except such as pertained to the sufficiency of the bond itself, which was correctly described.

The county court, August Term, 1852,—PECK, J., presiding,—overruled the demurrer, and adjudged the declaration sufficient. Exceptions by the defendant.

*Stevens & Edson*, for the defendant.

*G. Harrington*, for the plaintiff.

The opinion of the court was delivered, at the circuit session in September, 1854, by

BENNETT, J. This is an action upon a guardian's bond; and as to Webster, the principal, there was a *non est inventus* returned upon the writ, so that the action proceeds against Strong alone.

It is claimed that the declaration is insufficient, and one reason assigned is, that the bond in question is not a bond to the probate court. If not, the declaration is bad. It is given to Joel Allen, judge of probate for the district of Grand Isle, and the *solvendum*, is to the *said judge, or his successor in said office.*

We think the intention cannot be mistaken, and that this was designed to be an *official bond,* and not a bond to Judge Allen, as an individual. The subject matter of the bond relates to the court of probate, and to what is purely of an official character, and the *solvendum* is to the *said judge* and his successors. This shows clearly, the intention to make it an *official bond,* and though inartificially drawn, still in legal effect it becomes a bond to the probate court. See 1 Wils. 184. *The Master, Fellows and Scholars of S. & S. College* v. *Davenport.* In that case the bond was to *Doctor Craven, fellows, and scholars,* &c., *solvendum* to the master, fellows and scholars. It was claimed that this was a bond to Doctor Craven, the *master,* individually; but the court said, that though the

Probate Court *v.* Strong.

bond was to *Doctor Craven,* &c., yet the *solvendum* to the *master,* fellows and scholars made it a bond to them, in their corporate capacity.

It is said the bond is *void,* the conditions not being according to the requirements of the statute. But we think there is no good foundation for this objection. The conditions do not require anything illegal, or in fact anything which the statute does not authorize, and if they require less, this would be a poor reason why the obligors should not be bound to the extent of the conditions.

The first provision is, that the guardian shall well, truly and faithfully execute and discharge the office of guardian in all parts thereof, according to the rules and directions of the law in such case made and provided. It would seem that as the law makes it the duty of the guardian to return a true inventory of all the property of the ward to the court of probate, within a given time, as well as to manage and dispose of all such property according to law, and for the best interest of the wards, that a failure to comply with those duties, in either particular, would be a breach of this provision in the condition of the bond. The condition of the bond then requires that the guardian shall account for the sales of all such real estate as he may have license from the probate court to sell, and to render a true account of his guardianship when thereunto required, and pay over what shall be found in his hands upon the settlement of his account in the probate office, when the wards shall become of age, or at such time as the probate court shall order. It is clear that this bond obliges the guardian to account for all the property belonging to his wards, and pay over the same as he shall be required by law, or the order of the judge of probate. Without this he cannot discharge the duties of the office of guardian in all parts thereof, according to the rules and direction of the law.

No question seems to have been raised in the county court, or at least none is saved by this bill of exceptions in relation to the assessment of damages and none is raised in argument.

We think the declaration sufficient, and the judgment of the county court is affirmed.