## Thomas Ellis v. Joseph D. Maxson.

*Evidence : Presumption as to foreign laws.* If any presumption exists as to the laws of another State, it is, that they conform to the general principles of the common law. None will be made concerning the statutes of another State. *Kermott v. Ayer*, 11 *Mich.*, 181 ; *People v. Lambert*, 5 *Mich.*, 349 recognized and approved.

*Heard October 6. Decided October 12.*

Error to Calhoun Circuit.

This was an action of assumpsit brought by Thomas Ellis against Joseph D. Maxson upon a promissory note; the defense to which, was that the plaintiff had agreed among other things, to cancel and surrender the note, in consideration that the defendant would sell and convey to the plaintiff a parcel of land in the State of Illinois. On the trial the defendant offered parol evidence of this contract, to which the plaintiff objected,—that to be valid, it must be in writing. No proof of the laws of Illinois affecting contracts for the sale of lands was offered. The Court overruled the objection and admitted the evidence. The jury found for the defendant; and the judgment entered on the verdict is brought into this Court by writ of error.

*T. G. Pray*, for plaintiff in error.

*L. D. Dibble*, for defendant in error.

CAMPBELL J.

The only error assigned in this cause is based upon the admission of parol proof of a contract for the sale of lands in the State of Illinois, there being no evidence to show what the law of that State required to make land contracts valid.

The evidence was properly admitted. A parol contract to sell lands was good at common law. It is only made

void by statute. If we should make any presumption, in the absence of evidence, as to the provisions of any foreign laws, it would be that they conform in substance to the general principles of the common law. How universally we could make such a presumption it is not necessary to· consider now. We certainly cannot presume that the Legislature of another State has adopted all of our statutes, and therefore we must have proof before we can know that they have passed any statute. This question was decided in *Kermott v. Ayer 11 Mich. R. 181.* See also, *Whitford v. The Panama R. R. Co. 23 N. Y. 465, 468.*

If the contract in question was required by the statutes of Illinois to be in writing, the statutes should have been introduced.—*People v. Lambert 5 Mich. R. 349.* In the absence of such proof, it was properly assumed to be valid.

The judgment must be affirmed with costs.

COOLEY CH. J. AND CHRISTIANCY J. concurred.

GRAVES J. did not sit in this case.