THE JUDGE OF PROBATE FOR THE COUNTY OF SULLIVAN *v.* ELIZA HIBBARD, JOHN B. HIBBARD, AND SAMUEL E. BARNARD.

*Official Bond. Laws of New Hampshire.*

A bond executed by a guardian and sureties to the Judge of Probate, of the County of Sullivan, New Hampshire, to secure the faithful discharge of the duties of said guardian under the laws of New Hampshire and the appointment of said judge, must be regarded as an official bond, and is purely a creature of the statute law of New Hampshire. Its obligation is created by the local statute, and the remedy upon it is prescribed by that statute, and is a proceeding unknown to our system of jurisprudence, hence the remedy must be local, and the courts of this State will not enforce the obligation of the bond.

*Pickering* v. *Fisk*, 6 Vt., 102, approved and followed.

DEBT on a probate bond, duly executed by the defendants to the judge of probate of the county of Sullivan, New Hampshire. The plaintiff's declaration was as follows:

In a plea of debt,

For that the said defendants on the 28th day of February, A. D. 1866, at Newport, in said county of Sullivan and state of New Hampshire, to wit, at Woodstock aforesaid, by their bond of that

date, sealed with their seals, a certified copy of which is ready to be produced in court, bound themselves unto the judge of probate of the county of Sullivan, aforesaid, in the sum of twelve hundred dollars, to be paid to said judge of probate.

Which bond was conditioned, that if the said Eliza Hibbard, who was appointed, by said probate judge, the guardian of one Dennis C. Hibbard, a minor under the age of twenty-one years, should well and faithfully, and according to law, discharge and perform all the duties pertaining to such appointment as guardian, and should when required render to said judge of probate a true account of her said guardianship, upon oath, and of all the estate which should come into her possession as such guardian, and all the rents and profits of said estate of said minor, and the avails of such estate as should be sold by the license of said probate court, and should pay and deliver to said Dennis C. Hibbard all the said estate which should be found remaining in her hands on the rendition of her account as guardian, when said minor should arrive at full age, or otherwise as said probate court, after having first examined and allowed said account, should order and direct, then said bond should be void, otherwise in full force.

And the said Dennis C. Hibbard became of full age, to wit: on the first day of April, 1870, and afterwards at a probate court held at Newport, within and for said county of Sullivan, and state of New Hampshire, on the 29th day of June, A. D. 1870, the said Eliza Hibbard, as such guardian, rendered to said probate court an account of her said guardianship, and said court, after hearing the parties and considering the same and examining said account, found and ordered that the said guardian should be chargeable with the sum of eight hundred and one dollars and sixty cents, as received by her as such guardian for said Dennis C. Hibbard, and that she should be allowed in offset or partial discharge of the same the sum of three hundred and one dollars and sixty cents, for services and disbursements for said minor, leaving in her hands as such guardian a balance of five hundred dollars, which was ordered by said court to be paid to said Dennis C. Hibbard by said Eliza.

Yet said Eliza, although requested by said Dennis C. Hibbard and by his present guardian, Seth C. Sargent, has not paid said sum of five hundred dollars, nor have the defendants, or either of them, though requested, paid the same, or said sum of twelve hundred dollars named in said bond.

And the plaintiff avers that all said proceedings and orders were according to and in pursuance of the laws of the state of

New Hampshire, certified copies of which are ready to be produced in court.

To this declaration the defendants, Eliza and John B. Hibbard, filed a general demurrer. At the May term, 1871, the [court, BARRETT, J., presiding, overruled the demurrer and rendered judgment for the plaintiff, to which the defendants excepted.

*Norman Paul*, for the defendants.

*W. C. French*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This action is brought upon a bond executed by the defendants to the plaintiff, to secure the faithful discharge of the duties of Eliza Hibbard, one of the defendants, as guardian of one Dennis C. Hibbard, a minor, to which office she had been appointed by the plaintiff. This bond was taken in pursuance of the statute laws of New Hampshire. The duties imposed by the appointment, the obligation created by the bond, and the rights and remedies under it, are all prescribed by the statute of said State.

The questions presented for our consideration arise upon a general demurrer to the declaration. It is insisted on the part of the defendant that no action can be maintained by the plaintiff upon this bond in this State, even if it be conceded that all has been done that is required to be done by the laws of New Hampshire, to enable the plaintiff to maintain such action in that State.

We think there can be no doubt that the instrument declared upon in this case must be regarded as an official bond. It is taken to the " judge of probate," &c. It may be observed that the words " judge of probate " are used in the statutes of New Hampshire as synonymous with the words " probate court" in our statutes. Thus in ch. 161, § 3 of the Compilation of 1853, it is said: Every judge of probate in his county has jurisdiction of the probate of wills and of granting administration, &c. In § 4: Such judge shall have jurisdiction in relation to the appointment and removal of guardians of minors, insane persons, &c. This shows

that this bond was taken to the officer or tribunal that has the official or judicial authority over the subject matter to which it relates. It was taken to secure the faithful discharge of the official duties of the guardian, imposed upon her by the appointment to the office of guardian, by the authority to which the bond is taken. This is fully sustained by the case of *Probate Court* v. *Strong*, 27 Vt., 202. That was an action upon a guardian's bond taken to Joel Allen, judge of probate for the district of Grand Isle. The court held it to be, in legal effect, a bond taken to the probate court of said district, and to be an official bond. It being an official bond, can this action be maintained upon it?

This bond is purely a creature of the statute law of New Hampshire, taken according to its requirements and for a purpose specified and declared by such law. What obligation it creates, and what would be a compliance with its provisions, can only be determined by a reference to that law. When its conditions are broken, the remedy, and the mode of enforcing the remedy, are to be found in the same law. When the parties executed this bond, they did it in view of the obligation thereby created under the laws of New Hampshire, and of the method prescribed to enforce the remedy. The whole proceeding was understood and intended to be local in its operation, and to be consummated in that State, and under its laws. Should we attempt to enforce and carry into effect the law of New Hampshire applicable to the subject, and had the requisite and appropriate judicial machinery for that purpose, we should be quite likely to fall into error, to the prejudice of the parties.

If this bond were sued in the courts of New Hampshire and judgment rendered against the defendants for the whole penalty of the bond, such judgment would stand as security for all interested, and then upon a hearing in chancery the court shall ascertain the claims of the parties whose names are entered upon the writ as prosecutors, and render judgment for the amount, and that the judge of probate have execution therefor for the use of such parties. Such a proceeding is wholly unknown to our system of jurisprudence.

But it is said this is obviated by the fact that the accounts of

the guardian have been settled by the judge of probate, and the amount due fixed and determined, and that there can be no further breaches of the bond, and no other claim upon the judgment here. It does not follow that the amount found due by the judge of probate is the amount now due; payments may have been made and circumstances may have occurred that would show there was nothing due. There may also be other claims upon the penalty of the bond. The guardian upon her settlement with the judge of probate may have fraudulently withheld funds of the ward in her hands and not have accounted therefor, for which she might afterwards be called to account and the bond made chargeable with the payment thereof.

We think this case comes within the case of *Pickering* v. *Fisk*, 6 Vt., 102, where the whole subject is very fully and ably considered by Judge PHELPS, and that the doctrine of that case must govern this.

Other questions were discussed in the argument that in the view we have taken of the case it becomes unnecessary to consider.

Judgment reversed and judgment for defendants for cost.