### JOSEPH P. MURPHY *vs.* ELISHA M. COLLINS.

Berkshire.   Sept. 12, 1876.   COLT, MORTON & ENDICOTT, JJ., absent

If a promissory note is made and delivered in another state, and is not made payable elsewhere, its validity depends upon the law of that state.

Where the validity of a contract, upon which an action is brought in this Commonwealth, depends upon the law of another state, that law must be proved as a fact at the trial on the merits; and evidence of what the law is cannot be received for the first time at the hearing of a bill of exceptions in this court.

There is no presumption that the statutory law of another state is the same as that of this Commonwealth.

CONTRACT upon the following promissory note, signed by the defendant: "Canaan, July 5, 1873. On demand, for value received, I promise to pay Edwin F. Wheeler, or bearer, twenty-five dollars, with interest." Trial in the Superior Court, before *Aldrich*, J., without a jury, who allowed a bill of exceptions in substance as follows:

The note was made and delivered on Sunday, in the State of New York, at the house of one Wheeler, no other person except Wheeler and the defendant being present at the time. The defendant asked the judge to rule that the note was void in law, and that the plaintiff was not entitled to recover thereon, because the note was made and delivered on Sunday. But the judge declined so to rule, and gave judgment for the plaintiff; and the defendant alleged exceptions.

*A. J. Dunham*, for the defendant.

*W. C. Spaulding*, for the plaintiff.

GRAY, C. J. The bill of exceptions does not show any error of law in the ruling of the court below. The note having been made and delivered in the State of New York, and not appearing to be payable elsewhere, its validity depended on the law of that state. *Stevenson* v. *Payne*, 109 Mass. 378. What that

law was, was a question of fact, upon which no evidence appears to have been given at the trial, or can be introduced for the first time at the argument of the exceptions in this court. *Knapp* v. *Abell*, 10 Allen, 485. The contract was not void by the common law; and there is no presumption that the law of another state corresponds with a statute of this Commonwealth. *Abell* v. *Douglass*, 4 Denio, 305. *Whitford* v. *Panama Railroad*, 23 N. Y. 465. *Ellis* v. *Maxson*, 19 Mich. 186. *Morrissey* v. *Wiggins Ferry Co.* 47 Misso. 521. *Dunn* v. *Adams*, 1 Ala. 527.

*Exceptions overruled.*