FRANCIS L. O'REILLY, Administrator, *vs.* THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

SAME *vs.* SAME.

Demurrers, when filed, are a part of the record of the court, and cannot be withdrawn without the court's permission.

Leave given to withdraw demurrers will in a proper case be revoked and the demurrers reinstated.

A court in one of the United States will presume that the common law of another state is the same as that of its own, but this presumption does not extend to the statute law.

Courts of one state will not enforce the penal statutes of another.

An administrator brought an action in Rhode Island against a railroad company on account of personal injuries to his intestate, caused by the company's negligence in Massachusetts, and resulting in the death of his intestate. The declaration was demurred to because it contained no allegation that the cause of action survived in Massachusetts.

*Held*, that the demurrer should be sustained.

The Massachusetts statute giving a right of action against railroad companies whose carelessness causes death is penal in its nature.

Hence, on demurrer to a declaration filed in an action to enforce in Rhode Island the liability imposed by the statute of Massachusetts:

*Held*, that the demurrer should be sustained.

A right of action created by statute in one state may be prosecuted in another when the two states have substantially similar statutes on the subject.

The pendency in another jurisdiction of another action, whether prior or not, for the same cause is not reason for abatement.

Public Statutes of Massachusetts, cap. 138, §§ 1–5, do not restrict the right of a principal administrator to recover the assets of his intestate wherever he can, but govern the disposition of such assets as are recovered in Massachusetts by the administrator there appointed.

TRESPASS ON THE CASE to recover damages for injuries to the plaintiff's intestates, while living, caused by the defendant's alleged negligence. On plaintiff's motion to reinstate defendant's demurrers.

These actions were brought to recover damages for injuries caused by the alleged negligence of the defendant, and resulting in the death of the plaintiff's intestates, who were killed while crossing the defendant's tracks on a highway in Blackstone, in the State of Massachusetts. The defendant demurred to the declarations, and subsequently withdrew its demurrers.

*January* 4, 1889. PER CURIAM. In these cases we gave the defendant corporation leave to withdraw its demurrers when the plaintiff was not present, supposing that he did not object. He does object, and asks to have the leave revoked and the demur-

rers restored. The actions are for damages under a Massachusetts statute. The demurrers raise the question whether the actions lie in this State. The plaintiff wants the question decided at once, so that if it is decided against him he can sue in Massachusetts before the time limited for the suit expires. If the demurrers had not been filed, he could have tried the cases to the jury at the present term. We think the leave to withdraw the demurrers should be revoked, unless the withdrawal was a matter of right on the part of the defendant. We think it was not. The demurrers became a part of the record of the court as soon as they were filed, and the court has exclusive charge of its own records. The demurrers, once filed, could not be withdrawn without leave, which it was discretionary with the court to grant or refuse. *Motion granted.*

The demurrers were then heard. The questions raised by them sufficiently appear in the following opinion of the court.

*May* 4, 1889. DURFEE, C. J. The declaration contains two counts which are severally demurred to. The cause of action set forth in the first count is an injury to the plaintiff's intestate, resulting from the negligence of the defendant corporation. The injury was caused by collision between a locomotive with train of cars, running on the defendant's railroad, and a buggy in which the intestate was driving along a common highway across said railroad at grade, at a place alleged to be in the Commonwealth of Massachusetts. The count alleges that the intestate was greatly injured, her limbs broken, and that after much suffering she died. The plaintiff sues for $30,000 damages. The count is in form a count in an action of trespass on the case at common law, but it does not allege that the action survives in Massachusetts under any law or statute of that State, and the defendant contends that, without such allegation, the count is bad, since it does not survive at common law, and if it survives under any statute of that State the existence of the statute must be pleaded like any other fact which is essential to the maintenance of the action, inasmuch as, being the statute of another state, the court will not take judicial notice of it.

We think the point is well taken. The cause of action accrued

in Massachusetts under and in virtue of the law in force there, and
if under the law of that State the action no longer exists there, it
no longer exists here. In *Needham, Adm'x,* v. *The Grand Trunk
R. R. Co.* 38 Vt. 294, the action was case for negligence resulting
in injury and subsequent death to the plaintiff's intestate. The
negligence and injury happened in New Hampshire and the action
was brought in Vermont. One question was whether the action
for the suffering endured by the intestate prior to his death would
survive in Vermont under the statute of survivorship of that State,
there being no statute under which it would survive in New Hamp-
shire. The court held that it would not. " It is conceded," say
the court, " that the injury was received in the State of New
Hampshire, consequently the cause of action accrued in that State.
By the common law, the cause of action which accrued to the in-
testate in that State is extinguished by his death. By the law of
that State no right exists in the personal representatives to recover
for such injury, and if this action can be maintained under the
provisions of the act of 1847 or 1849, it must be upon the ground
that our statutes have an extra territorial force. The fact that
the intestate was a citizen of this State at the time of the injury
is entirely immaterial in the decision of this question. A general
or public act is an universal rule that regards the whole commu-
nity, but its operation is limited to the state by which it was en-
acted. . . . A cause of action which by the rules of the common
law is extinguished by the death of the party, is by such death
fully discharged, unless it survives by force of some statute law of
the state where it accrued." And so in *Davis* v. *New York and
New England R. R. Co.* 143 Mass. 301, the plaintiff's intestate, a
citizen of Massachusetts, received an injury, while travelling in
Connecticut as a passenger on the defendant's railroad, from which
she subsequently died, the charge being that the injury resulted
from the defendant's negligence. There was no statute in Con-
necticut under which the common law action for such an injury
survived. The plaintiff sued, as administrator of the deceased, in
Massachusetts in a common law action, claiming that the cause of
action might be held to have survived under the Massachusetts
statute of survivorship, notwithstanding it had ceased to exist in
Connecticut ; but the court held that it was for the state where

the injury was received to say what should be the liability for it, and that, consequently, as the liability at common law had come to an end in Connecticut, by the death of the injured party, it could not survive in Massachusetts, the Massachusetts statute having no force beyond its own boundaries. These two cases are precisely in point, except that in them it appeared as a proved or admitted fact that there was no survivorship of the causes of action in the states where they occurred. *Le Forest* v. *Tolman*, 117 Mass. 109; *Whitford* v. *Panama Railroad Co.* 23 N. Y. 465, also 3 Bosw. 67; *Crowley* v. *Panama Railroad Co.* 30 Barb. S. C. 99; *McCarthy, Adm'r*, v. *Railroad Co.* 18 Kans. 46.

It is not strict right, but comity, which enables a person, who has been tortiously injured in one state, to sue for damages for the injury in another, and, of course, after the cause of action has become extinct where it accrued, it cannot, as a mere matter of comity, survive elsewhere.

The defendant urges that it is to be presumed that the law of Massachusetts is the same as the law of Rhode Island, until the contrary is shown. The older states of the Union were settled by English colonists who brought with them their heritage of English common law, as it had been modified and improved by English statutes, and therefore it is that the courts of any one of these states, in cases which call for the application of the law of any other of them, may reasonably presume, and do presume, that the common law, as it prevails in such other state, is the same as it is in their own, and also extend the presumption to the newer states which are offshoots from them. But in regard to the statute law of the states there is no basis for any such presumption; for, as is well known, the statutes of the several states are enacted by the legislatures of the several states to suit themselves, each consulting only its own policy, interest, or necessities. The distinction thus pointed out, though it has been sometimes overlooked, is recognized in the better considered cases. It follows that we cannot presume that there is in Massachusetts, as there is in this State, a statute of survivorship, under which the cause of action declared on in the first count survives; and, also, inasmuch as the existence of such a statute in Massachusetts is essential to the maintenance of the action, that the count is bad in not alleg-

ing the existence of such a statute. *Debevoise* v. *N. Y., L. E. & W. R. R. Co.* 98 N. Y. 377; *McDonald* v. *Mallory*, 77 N. Y. 546; *Cutler* v. *Wright*, 22 N. Y. 472; *State, use of Allen*, v. *Pitts. & Conn. R. R. Co.* 45 Md. 41; *Murphy* v. *Collins*, 121 Mass. 6; *Morrissey* v. *Wiggins Ferry Co.* 47 Mo. 521, 525; *Palfrey* v. *Portland, Saco & Portsmouth R. R. Co.* 4 Allen, 55.

The demurrer to the first count is sustained.

The second count is designed to subject the defendant corporation to liability under a statute of Massachusetts, Pub. Stat. of Mass. cap. 112, §§ 163, 212, 213. The count is defective in some particulars, but counsel, waiving these · defects for the present, have asked us to decide whether the action is maintainable in this State.

The liability is imposed by § 213. That section provides that if a person is injured by collision with the engines or cars of a railroad corporation at a crossing, such as is described in § 163, and it appears that it neglected to give the signals required by § 163, and that such neglect contributed to the injury, the corporation shall be liable, in case the life of the person so injured is lost, to damages recoverable by the executor or administrator of the deceased, in an action of tort, as provided in § 212, unless it is shown that in addition to a mere want of ordinary care, the person injured was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of law, and that such gross or wilful negligence or unlawful act contributed to the injury.

Section 212 subjects railroad corporations to liability where, by reason of their carelessness, the life of a passenger, or of a person being in the exercise of due diligence, and not a passenger, or in their employment, is lost. The provision for such case is, that the offending corporation may be punished by fine or indictment, or sued for damages in an action of tort, the fine imposed, or the damages recovered, according as one or the other remedy is pursued, to be not less than five hundred nor more than five thousand dollars, the damages, in case the corporation is civilly prosecuted, "*to be assessed with reference to the degree of culpability of the corporation, or of its servants or agents.*" The fine is to be paid "to the executor or administrator for the use of the widow and

children of the deceased in equal moieties; or, if there are no children, to the use of the widow, or if no widow, to the use of the next of kin;" and in case of a civil action, which is to be brought by the executor or administrator, the damages recovered are to go in the same manner. The remedy, whether criminal or civil, is to be prosecuted within a year after the injury.

The requirement of § 163 is, that every locomotive shall be furnished with a bell and steam whistle, and that the bell shall be rung or the whistle sounded, at the distance of at least eighty rods from every grade crossing, and be kept ringing or sounding, continuously or alternately, until the engine has passed. The claim is that the injury to the intestate resulted from an omission to ring the bell or sound the whistle as required.

It will be seen that the statute creates an entirely new cause of action, giving the executor or administrator of the deceased power to prosecute it : not, however, in his representative capacity, since he is empowered to prosecute, not for the benefit of the estate, but for the use of certain designated persons. The question is, whether an executor or administrator, appointed in Rhode Island, shall be taken to have the right to prosecute the action in the courts of Rhode Island. Similar questions, arising under somewhat similar statutes, have been differently decided by different tribunals. The following cases hold that such an action is not maintainable out of the state by which it is authorized. *Richardson, Adm'x,* v. *New York Central R. R. Co.* 98 Mass. 85 ; *Woodward* v. *The Mich. S. & N. Ind. R. R. Co.* 10 Ohio St. 121 ; *Taylor's Adm'r* v. *The Pennsylvania Co.* 78 Ky. 348 ; *McCarthy, Adm'r,* v. *Railroad Co.* 18 Kans. 46 ; *Vawter* v. *The Missouri Pacific Railway Co.* 84 Mo. 679. See, also, *Anderson* v. *Milwaukee & St. Paul R. R. Co.* 37 Wisc. 321 ; *Pickering* v. *Fisk,* 6 Vt. 102 ; *Judge of Probate* v. *Hibbard et als.* 44 Vt. 597 ; also, 8 Amer. Rep. 396 ; *Illinois Central R. R. Co.* v. *Cragin,* 71 Ill. 177. The following cases allow such an action. *Dennick* v. *Railroad Co.* 103 U. S. 11 ; *Leonard* v. *Columbia Steam Navigation Co.* 84 N. Y. 48 ; *Stockman* v. *Railroad Co.* 15 Mo. App. 503. The ground of decision in the two last named cases is, that the cause of action accrued under a statute which, notwithstanding some minor differences, was substantially the same as a statute of

the state in which the action was brought. The decision in *Dennick* v. *Railroad Co.* rests on that and more general grounds of comity. The liability in question in each of said three cases, however, was remedial, not penal, the rule of liability being no more exacting than it would have been in favor of the deceased if he had survived, and the damages recoverable being recoverable as compensation.

We have in this State a statute subjecting railroad corporations to liability for negligence resulting in death, Pub. Stat. R. I. cap. 204, §§ 15, 16, 17, and 18, but it differs materially from the Massachusetts statutes especially in that it has none of the penal features of that statute. For this reason we do not think it necessary to decide which of the two sets of cases above cited lays down the true doctrine; for it seems to be well settled that each of the states will be left by the others solely to itself to give effect to its penal legislation. *Commonwealth* v. *Green*, 17 Mass. 515, 540; *Hunt & wife* v. *Town of Pownal*, 9 Vt. 411, 417; *Scoville* v. *Canfield*, 14 Johns. Rep. 338; *Brigham, Assignee*, v. *Claflin*, 31 Wisc. 607, 616; *First National Bank of Plymouth* v. *Price et al.* 33 Md. 488; *Halsey* v. *McLean*, 12 Allen, 438; *Derrickson* v. *Smith*, 27 N. J. Law, 166; *Bird* v. *Hayden*, 2 Abb. Pr. N. S. 61. That the liability imposed by the Massachusetts statutes is penal is very clear. The damages, as we construe the provision, are directed " to be assessed with reference to the *degree of culpability* of the corporation, or of its servants or agents," and to the amount of at least five hundred dollars. These directions clearly show a punitive purpose. So likewise, confirmatorily at least, does the direction that the recovery shall not be prevented by contributory negligence, unless it be gross or wilful. One of the remedies given by § 212 is an indictment, the fine prescribed in case of conviction being not less than $500 nor more than $5,000. The same remedy is given by § 213, if the injury be not mortal. It would seem that where death ensues there is provision only for a civil action, but the provision is part and parcel of legislation which has its penal purpose thus clearly stamped upon it.

Our conclusion is that an action founded on said provision is not maintainable in this State, and that the demurrer to the second count must be sustained.          *Demurrers sustained.*

After this opinion had been given the plaintiff amended his declarations, alleging in the first counts a statute of the State of Massachusetts by which the cause of action survived.

The defendants again demurred. They also moved for leave to file pleas in abatement.

*December* 5, 1889. DURFEE, C. J.   Since our decision given in this case at a former term, the plaintiff has amended the first count in his declaration by alleging therein the existence of a Massachusetts statute under which the cause of action declared on survives in that commonwealth. The defendant demurs. In support of the demurrer it is argued that the statute has no extra territorial force, and therefore cannot make the cause of action survive so that suit thereon can be maintained in this State; that in fact it is not the original action which is made to survive, but a new action is created in place of it. The Massachusetts statute enacts that "in addition to the actions which survive at common law, the following shall also survive," specifying actions "of tort for assault, battery, imprisonment, *or other damage to the person*," among others. Evidently the purpose was to put the actions specified on a footing in respect of survivorship with actions that survive at common law, and we see no reason why the purpose should not have effect. If the action kept alive by the statute is to be regarded as utterly new, it follows logically that it will be entitled to a new term of limitation under the statute of limitations, but we are not aware that this has ever been claimed. But whether the effect of the statute be to create a new action or to give continuance to the old, the result for the purposes of this case is in our opinion the same. Of course a cause of action created by statute may be purely local, or it may be penal, or, if simply personal, it may be too peculiar in proceeding or character for enforcement elsewhere; but ordinarily the rule which seems to us to be the better established is, that a right of action created by statute in one state may be prosecuted in another, when the two states have statutes relating to the subject which are substantially similar. Cooley on Torts, 2d ed. *266; *Leonard* v. *Columbia Steam Navigation Co.* 84 N. Y. 48; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.* 98 N. Y. 379; 50 Amer. Rep. 683; *Morris* v. *Chicago, R. I. & Pacific R. R. Co.* 65 Iowa, 727; 54 Amer. Rep.

39; *Chicago, &c. R. R. Co.* v. *Doyle,* 60 ·Miss. 977; *Burns, Adm'r,* v. *Grand Rapids & Ind. R. R. Co.* 113 Ind. 169; *Knight* v. *West Jersey R. R. Co.* 108 Pa. St. 250; *Missouri P. R. R. Co.* v. *Lewis,* 24 Neb. 848; *Herrick* v. *Minneapolis & St. Louis R. R. Co.* 31 Minn. 11; *Scott* v. *Lord Seymour,* 1 H. & C. 219. So much seems to be due from one state to another as a matter of comity, which, out of regard for the state's honor and good name, the courts of a state are bound to respect. There are courts which go further and hold that the action is maintainable, without regard to similarity of legislation, if it be· not contrary to the law or policy of the state where it is brought. *Dennick* v. *Railroad Co.* 103 U. S. 11; *Stoeckman* v. *Terre Haute, &c. R. R. Co.* 15 Mo. App. 503. The more guarded rule suffices for the case at bar, since our statute of survivorship, relating to actions like this, is substantially the same as that of Massachusetts. The demurrer is overruled.

The defendant makes a motion for leave to file a plea in abatement as of a day prior to the filing of the demurrer to the amended declaration. The proposed plea accompanies the motion and alleges two causes for abatement. The first is that the plaintiff, on December 13, A. D. 1888, brought an action against the defendant, in the Superior Court for the county of Suffolk in Massachusetts, for the same cause for which the action here was brought. The declaration, as originally filed in the action here, was declared to be bad on demurrer, May 4, A. D.·1889, and was not amended so as to remedy the fault until July 31, A. D. 1889. It is argued that the Massachusetts action is the prior action because it was brought prior to the amendment. We do not consider it material to decide whether it is or not, since it is well settled that prior pendency is not cause for abatement, unless the prior and subsequent actions are both pending in the same jurisdiction. *West Syndic, &c.* v. *McConnell,* 5 La. 424; 25 Amer. Decis. 191, and cases cited in note, p. 195; *Hatch* v. *Spofford,* 22 Conn. 485; 58 Amer. Decis. 433; *Smith* v. *Lathrop,* 84 Amer. Decis. 448, and note; *White* v. *Whitman,* 1 Curtis, 494, 496; *Bowne* v. *Joy,* 9 Johns. Rep. 221; *Walsh* v. *Durkin,* 12 Johns. Rep. 99.

The second cause alleged is that, October 9, A. D. 1888, the plaintiff applied to a probate court of Massachusetts to be ap-

pointed administrator in that State on the estate of his intestate, and that, October 16, A. D. 1888, he was so appointed, and. that his appointment is still in force; that by the statute law of Massachusetts, when administration is taken there on the estate of a nonresident decedent, the estate found there is to be applied there primarily to the payment of the Massachusetts creditors, and that only the residue, remaining after such creditors are paid, is either to be sent for administration to the state of the domicil, or to be distributed there according to the laws of the state of the domicil. The plaintiff's intestate was an inhabitant of Rhode Island. The defendant contends that the cause of action in suit here accrued to said intestate in Massachusetts, that it is a Massachusetts asset, that it is the duty of the plaintiff, as administrator in Massachusetts, to reduce it to possession there for disposition under said statute law, and that, having power to do so, he has no right to prosecute his action in this State. According to this construction, if a foreign administrator takes out ancillary administration in Massachusetts for the purpose of prosecuting there a cause of action which accrued there to his intestate, he has no right afterwards, so long as he can prosecute it there under his appointment, to prosecute it elsewhere, even in the state of the decedent's domicil, though he may find it greatly to his convenience to do so. We do not think that this is what the Massachusetts statute means. It is " the estate found " in Massachusetts that is to be applied primarily to the payment of the Massachusetts creditors, and it does not seem to us that a *chose in action* can be regarded as found there, within the meaning of the statute, so long as it may be reduced to possession elsewhere. It certainly cannot be applied to the payment of creditors, pursuant to the Massachusetts statute, so long as it is unreduced. In other words, we do not think the statute can be regarded as intended to restrict, or as restricting, the right of the principal administrator to recover, wherever he can, the assets of his intestate, but only to establish a rule for the disposition of such of them as are recovered in Massachusetts by the administrator there appointed. Moreover, the statute was intended for the benefit of Massachusetts creditors, and it does not appear that the intestate had any such creditors. The statute referred to is Pub. Stat. Mass. cap. 138, §§ 1–5.

The counsel for the defendant, in their brief, referring to the fact that the plaintiff has, besides his action in Massachusetts before mentioned, also brought an action there to recover for the death of his intestate, contends that both actions are not maintainable. We find nothing, however, in the pleadings on which such a question can be raised.

*The motion is denied and the demurrer overruled.*

*Nicholas Van Slyck & Charles E. Gorman,* for plaintiff.

*H. Eugene Bolles, Richard M. Saltonstall & Frank S. Arnold,* for defendant.