The declaration contains two counts which are severally demurred to. The cause of action set forth in the first count is an injury to the plaintiff's intestate, resulting from the negligence of the defendant corporation. The injury was caused by collision between a locomotive with train of cars, running on the defendant's railroad, and a buggy in which the intestate was driving along a common highway across said railroad at grade, at a place alleged to be in the Commonwealth of Massachusetts. The count alleges that the intestate was greatly injured, her limbs broken, and that after much suffering she died. The plaintiff sues for $30,000 damages. The count is in form a count in an action of trespass on the case at common law, but it does not allege that the action survives in Massachusetts under any law or statute of that State, and the defendant contends that, without such allegation, the count is bad, since it does not survive at common law, and if it survives under any statute of that State the existence of the statute must be pleaded like any other fact which is essential to the maintenance of the action, inasmuch as, being the statute of another state, the court will not take judicial notice of it.
We think the point is well taken. The cause of action accrued *Page 390 
in Massachusetts under and in virtue of the law in force there, and if under the law of that State the action no longer exists there, it no longer exists here. In Needham, Adm'x, v. TheGrand Trunk R.R. Co. 38 Vt. 294, the action was case for negligence resulting in injury and subsequent death to the plaintiff's intestate. The negligence and injury happened in New Hampshire and the action was brought in Vermont. One question was whether the action for the suffering endured by the intestate prior to his death would survive in Vermont under the statute of survivorship of that State, there being no statute under which it would survive in New Hampshire. The court held that it would not. "It is conceded," say the court, "that the injury was received in the State of New Hampshire, consequently the cause of action accrued in that State. By the common law, the cause of action which accrued to the intestate in that State is extinguished by his death. By the law of that State no right exists in the personal representatives to recover for such injury, and if this action can be maintained under the provisions of the act of 1847 or 1849, it must be upon the ground that our statutes have an extra territorial force. The fact that the intestate was a citizen of this State at the time of the injury is entirely immaterial in the decision of this question. A general or public act is an universal rule that regards the whole community, but its operation is limited to the state by which it was enacted. . . . A cause of action which by the rules of the common law is extinguished by the death of the party, is by such death fully discharged, unless it survives by force of some statute law of the state where it accrued." And so in Davis v. New York andNew England R.R. Co. 143 Mass. 301, the plaintiff's intestate, a citizen of Massachusetts, received an injury, while travelling in Connecticut as a passenger on the defendant's railroad, from which she subsequently died, the charge being that the injury resulted from the defendant's negligence. There was no statute in Connecticut under which the common law action for such an injury survived. The plaintiff sued, as administrator of the deceased, in Massachusetts in a common law action, claiming that the cause of action might be held to have survived under the Massachusetts statute of survivorship, notwithstanding it had ceased to exist in Connecticut; but the court held that it was for the state where *Page 391 
the injury was received to say what should be the liability for it, and that, consequently, as the liability at common law had come to an end in Connecticut, by the death of the injured party, it could not survive in Massachusetts, the Massachusetts statute having no force beyond its own boundaries. These two cases are precisely in point, except that in them it appeared as a proved or admitted fact that there was no survivorship of the causes of action in the states where they occurred. Le Forest v.Tolman, 117 Mass. 109; Whitford v. Panama Railroad Co. 23 N.Y. 465, also 3 Bosw. 67; Crowley v. Panama Railroad Co. 30 Barb. S.C. 99; McCarthy, Adm'r, v. Railroad Co. 18 Kan. 46.
It is not strict right, but comity, which enables a person, who has been tortiously injured in one state, to sue for damages for the injury in another, and, of course, after the cause of action has become extinct where it accrued, it cannot, as a mere matter of comity, survive elsewhere.
The defendant urges that it is to be presumed that the law of Massachusetts is the same as the law of Rhode Island, until the contrary is shown. The older states of the Union were settled by English colonists who brought with them their heritage of English common law, as it had been modified and improved by English statutes, and therefore it is that the courts of any one of these states, in cases which call for the application of the law of any other of them, may reasonably presume, and do presume, that the common law, as it prevails in such other state, is the same as it is in their own, and also extend the presumption to the newer states which are offshoots from them. But in regard to the statute law of the states there is no basis for any such presumption; for, as is well known, the statutes of the several states are enacted by the legislatures of the several states to suit themselves, each consulting only its own policy, interest, or necessities. The distinction thus pointed out, though it has been sometimes overlooked, is recognized in the better considered cases. It follows that we cannot presume that there is in Massachusetts, as there is in this State, a statute of survivorship, under which the cause of action declared on in the first count survives; and, also, inasmuch as the existence of such a statute in Massachusetts is essential to the maintenance of the action, that the count is bad in not alleging *Page 392 
the existence of such a statute. Debevoise v. N.Y., L.E. W.R.R. Co. 98 N.Y. 377; McDonald v. Mallory, 77 N.Y. 546;Cutler v. Wright, 22 N.Y. 472; State, use of Allen, v.Pitts. Conn. R.R. Co. 45 Md. 41; Murphy v. Collins,121 Mass. 6; Morrissey v. Wiggins Ferry Co. 47 Mo. 521, 525;Palfrey v. Portland, Saco Portsmouth R.R. Co. 4 Allen, 55.
The demurrer to the first count is sustained.
The second count is designed to subject the defendant corporation to liability under a statute of Massachusetts, Pub. Stat. of Mass. cap. 112, §§ 163, 212, 213. The count is defective in some particulars, but counsel, waiving these defects for the present, have asked us to decide whether the action is maintainable in this State.
The liability is imposed by § 213. That section provides that if a person is injured by collision with the engines or cars of a railroad corporation at a crossing, such as is described in § 163, and it appears that it neglected to give the signals required by § 163, and that such neglect contributed to the injury, the corporation shall be liable, in case the life of the person so injured is lost, to damages recoverable by the executor or administrator of the deceased, in an action of tort, as provided in § 212, unless it is shown that in addition to a mere want of ordinary care, the person injured was at the time of the collision guilty of gross or wilful negligence, or was acting in violation of law, and that such gross or wilful negligence or unlawful act contributed to the injury.
Section 212 subjects railroad corporations to liability where, by reason of their carelessness, the life of a passenger, or of a person being in the exercise of due diligence, and not a passenger, or in their employment, is lost. The provision for such case is, that the offending corporation may be punished by fine or indictment, or sued for damages in an action of tort, the fine imposed, or the damages recovered, according as one or the other remedy is pursued, to be not less than five hundred nor more than five thousand dollars, the damages, in case the corporation is civilly prosecuted, "to be assessed withreference to the degree of culpability of the corporation, or ofits servants or agents." The fine is to be paid "to the executor or administrator for the use of the widow and *Page 393 
children of the deceased in equal moieties; or, if there are no children, to the use of the widow, or if no widow, to the use of the next of kin;" and in case of a civil action, which is to be brought by the executor or administrator, the damages recovered are to go in the same manner. The remedy, whether criminal or civil, is to be prosecuted within a year after the injury.
The requirement of § 163 is, that every locomotive shall be furnished with a bell and steam whistle, and that the bell shall be rung or the whistle sounded, at the distance of at least eighty rods from every grade crossing, and be kept ringing or sounding, continuously or alternately, until the engine has passed. The claim is that the injury to the intestate resulted from an omission to ring the bell or sound the whistle as required.
It will be seen that the statute creates an entirely new cause of action, giving the executor or administrator of the deceased power to prosecute it: not, however, in his representative capacity, since he is empowered to prosecute, not for the benefit of the estate, but for the use of certain designated persons. The question is, whether an executor or administrator, appointed in Rhode Island, shall be taken to have the right to prosecute the action in the courts of Rhode Island. Similar questions, arising under somewhat similar statutes, have been differently decided by different tribunals. The following cases hold that such an action is not maintainable out of the state by which it is authorized. Richardson, Adm'x, v. NewYork Central R.R. Co. 98 Mass. 85; Woodard v. The Mich. S. N. Ind. R.R. Co. 10 Ohio St. 121; Taylor's Adm'r v. ThePennsylvania Co. 78 Ky. 348; McCarthy, Adm'r, v. RailroadCo. 18 Kan. 46; Vawter v. The Missouri Pacific Railway Co.
84 Mo. 679. See, also, Anderson v. Milwaukee St. Paul R.R.Co. 37 Wisc. 321; Pickering v. Fisk, 6 Vt. 102; Judge ofProbate v. Hibbard et als. 44 Vt. 597; also, 8 Amer. Rep. 396;Illinois Central R.R. Co. v. Cragin, 71 Ill. 177. The following cases allow such an action. Dennick v. Railroad Co.103 U.S. 11; Leonard v. Columbia Steam Navigation Co. 84 N.Y. 48; Stockman v. Railroad Co. 15 Mo. App. 503. The ground of decision in the two last named cases is, that the cause of action accrued under a statute which, notwithstanding some minor differences, was substantially the same as a statute of *Page 394 
the state in which the action was brought. The decision inDennick v. Railroad Co. rests on that and more general grounds of comity. The liability in question in each of said three cases, however, was remedial, not penal, the rule of liability being no more exacting than it would have been in favor of the deceased if he had survived, and the damages recoverable being recoverable as compensation.
We have in this State a statute subjecting railroad corporations to liability for negligence resulting in death, Pub. Stat. R.I. cap. 204, §§ 15, 16, 17, and 18, but it differs materially from the Massachusetts statutes especially in that it has none of the penal features of that statute. For this reason we do not think it necessary to decide which of the two sets of cases above cited lays down the true doctrine; for it seems to be well settled that each of the states will be left by the others solely to itself to give effect to its penal legislation.Commonwealth v. Green, 17 Mass. 515, 540; Hunt wife v.Town of Pownal, 9 Vt. 411, 417; Scoville v. Canfield, 14 Johns. Rep. 338; Brigham, Assignee, v. Claflin, 31 Wisc. 607, 616; First National Bank of Plymouth v. Price et al.33 Md. 488; Halsey v. McLean, 12 Allen, 438; Derrickson v.Smith, 27 N.J. Law, 166; Bird v. Hayden, 2 Abb. Pr. N.S. 61. That the liability imposed by the Massachusetts statutes is penal is very clear. The damages, as we construe the provision, are directed "to be assessed with reference to the degree ofculpability of the corporation, or of its servants or agents," and to the amount of at least five hundred dollars. These directions clearly show a punitive purpose. So likewise, confirmatorily at least, does the direction that the recovery shall not be prevented by contributory negligence, unless it be gross or wilful. One of the remedies given by § 212 is an indictment, the fine prescribed in case of conviction being not less than $500 nor more than $5,000. The same remedy is given by § 213, if the injury be not mortal. It would seem that where death ensues there is provision only for a civil action, but the provision is part and parcel of legislation which has its penal purpose thus clearly stamped upon it.
Our conclusion is that an action founded on said provision is not maintainable in this State, and that the demurrer to the second count must be sustained.
Demurrers sustained. *Page 395 
After this opinion had been given the plaintiff amended his declarations, alleging in the first counts a statute of the State of Massachusetts by which the cause of action survived.
The defendants again demurred. They also moved for leave to file pleas in abatement.