Morrissey v. Wiggins Ferry Co.

PATRICK MORRISSEY, Respondent, *v.* WIGGINS FERRY COMPANY, Appellant.

1. *Damages — Negligence, contributory.*— One person will not be allowed to impute a want of vigilance to another injured by his act, as negligence, if that very want of vigilance were the consequence of an omission of duty on his part.

2. *Evidence — Parish registers of another State not competent evidence unless shown to be authorized by laws of that State — Statute law must be proved like any other fact.*—A parish registry, showing the date of a child's baptism, is not competent evidence of his birth or his identity.  Nor is it competent as evidence at all unless it appears in proof that such registry is required to be kept by the laws of the State from which it is taken; and the statute of another State on this point must be proved like any other fact.  No presumption can arise in reference to such statutes, nor will courts take judicial notice of them.  In the absence of all proof the courts of this State will presume that the general principles of common law prevail in other States.

*Appeal from St. Louis Circuit Court.*

For the main facts in this case see 43 Mo. 380.

*S. N. Holliday*, for appellant.

The court erred in excluding the Buffalo depositions offered by defendant.  (Childress v. Cutter, 16 Mo. 24.)  We understand the rule, as declared in that case, to be that if the country where such registers are kept recognizes them as authentic, they will be admitted here.  In New York, where these depositions were taken, entries of baptisms and marriages from church registers are admissible in evidence, independent of any statute declaring them admissible.  (Jackson v. King, 5 Cow. 237–8, 241 ; Maxwell v. Chapman, 8 Barb. 579 ; Jackson v. Boneham, 12 Johns. 226 ; Blackburn v. Crawford, 3 Wall. 189 ; Lewis v. Marshall, 5 Pet. 470 ; Hyam v. Edwards, 1 Dallas, 2 ; Lathrop v. Lawson, 10 La. Ann. 238 ; 10 East, 109; 15 East, 32 ; Kingston v. Leslie, 10 Serg. & R. 383.)  It is not true that only church registers of the established church are received in England.  In the old case of Hyam v. Edwards, 1 Dallas, 2, the marriage register and that of births of Quakers were admitted in evidence.  That decision has been followed by many others, cited in the cases referred to in East's Reports.

*Morris & Peabody*, for respondent.

The depositions taken at Buffalo, N. Y., were clearly inadmissible. The baptismal entry there mentioned was not required by law to be made. (Mullanphy v. Cutter, 16 Mo. 24, 45; Haile v. Palmer, 5 Mo. 403, 417; Richmond v. Patterson, 3 Ohio, 368; Erickson v. Smith, 38 How. Pr. 454.) In the absence of proof to the contrary, the law of New York as to this question is presumed to be the common law. There is no legal presumption that the statute law of that State is the same as our own. (Whitford v. The Panama R.R. Co., 23 N. Y. 465.)

The entry in question was not properly proved: 1. Because the original entry was not produced. 2. Because a person other than he who purported to have made said entry testified to its contents. 3. Because the signature or handwriting of the person who purported to have made said entry was not proved. 4. Because, at the time the witness swore to the contents of the entry, there was no evidence that the person who purported to have made it was dead. The party who made the entry must testify to it if not proved to be dead. (Merrill v. Ithaca & Oswego R.R., 16 Wend. 595; Brewster v. Doane *et al.*, 2 Hill, 537; Wilbur v. Selden, 6 Cow. 162.) 5. Because there was no legal and competent evidence that the person who purported to have made said entry was dead. After the witness testified to the contents of the entry, he further testified that the person who purported to have made it was *reputed* to be dead. Death can not be proved by reputation except under particular circumstances, which were not proved to exist in this case. (Steward v. Stephens, 26 How. Pr. 244; Cole v. Moffett, 20 Barb. 18; Fosgate v. Herkimer, etc., 12 Barb. 352; Wilson v. Brownlee *et al.*, 24 Ark. 586, 589.)

There was no foundation laid for the admission of said deposition in evidence, because there was no proof that the child mentioned in said entry of christening was the child in question. The defendant must prove the identity of the child mentioned in the entry of christening with the child in controversy. (1 Greenl. Ev., 10th ed., § 493; Barber v. Holmes, 3 Espin. 190; Birt v. Barlow, 1 Dougl. 171.)

WAGNER, Judge, delivered the opinion of the court.

When this case was here on a former occasion the judgment was reversed on account of the ruling of the court below in refusing certain instructions asked by the plaintiff. (Morrissey v. Wiggins Ferry Co., 43 Mo. 380.) After the case was remanded and upon a new trial, the law was declared in conformity to the rules laid down by this court, and there is now no controversy upon the question of instructions. But the defense was based upon two propositions: 1. That the accident was not caused by the negligence of the defendant, its officers or agents. 2. That the deceased daughter, Anna Morrissey, was over eighteen years of age at the time the accident occurred.

If there was not a total failure of proof, or in other words, there was sufficient evidence to authorize the case to be submitted to the jury, the first proposition is not maintainable in this court. The jury, as the triers of the fact, were the proper judges of negligence, and by their finding we are concluded. As the defendants were carriers of passengers for hire, extraordinary care was required of them, and they were liable for slight neglect. The light was turned in such a direction that it shone full upon the boat, but left everything outside in darkness. Had it been turned so as to have reflected on the water, the accident would probably have been averted. The lower or iron bar at the gangway was left down entirely, and it seems that when that was taken away passengers were accustomed to leave the boat and go underneath the upper bar. These were all acts of omission, from which the jury might reasonably infer or deduce negligence. From the fact that the iron bar was down, and that the light negligently and wrongfully obstructed her view, the deceased was misled and lulled into a false security, and it does not appear that she was looking in a direction different from that in which she was going, or that she was not observant of her steps. It was not imprudent in her to act upon the presumption that those in charge of the boat would conduct themselves in accordance with her rights and their duties. A defendant will not be allowed to impute a want of vigilance to one injured by his act, as negligence, if

that very want of vigilance were the consequence of an omission of duty on the part of the defendant. The evidence was abund antly sufficient to justify the court in submitting it to the jury and it is absurd to say that there is a total want of proof to sustain the verdict. It is insisted that the court committed error in not permitting the witness, Keith, to give his impression as to the age of the deceased. The witness stated that he should judge Miss Morrissey was from twenty to twenty-five years of age. But so far as the record shows it does not appear that the testimony was ruled on, or that it was even objected to, or that any point was made upon it in the court below. There is nothing, therefore, in this respect which requires our notice.

The remaining question is the action of the court in excluding certain depositions taken by the appellant in Buffalo, N. Y., for the purpose of proving the age of the deceased. The deposition objected to was a copy of the record kept in St. Patrick's church at Buffalo, and stated that the priest then officiating there, on the 17th day of December, 1846, baptized Jane (or Johanna), daughter of Patrick Morrissey and Judith Fitzgerald, born on the 10th day of that month. The keeper of the archives, who made the certificate, deposed that the registry was required to be kept by a rule of the Catholic church, but it does not appear that there was any law of the State of New York authorizing it. The general principle is that to entitle records to be received in evidence they must be public documents or official registers which are sanctioned or authorized by law. (1 Greenl. Ev., §§ 483–5.) But it is to be remembered that they are not, in general, evidence of any facts not required to be recorded in them, and which did not occur in the presence of the registering officer. Thus a parish register is evidence only of the time of the marriage and of its celebration *de facto*, for these are the only facts necessarily within the knowledge of the party making the entry; so, a register of baptism, taken by itself, is evidence only of that fact, though if the child were proved *aliunde* to have been very young, it might afford presumptive evidence that it was born in the same parish. Neither is the mention of the child's age in the register of christenings proof of the day of his birth, to support a plea of infancy.

In all these and similar cases the registry is no proof of the identity of the parties there named with the parties in controversy, but the fact of identity must be established by other evidence. It is also necessary, in all these cases, that the register be one which the law requires should be kept, and that it be kept in the manner required by law. (1 Greenl. Ev., § 493.) In Haile v. Palmer, 5 Mo. 403, it was held that to render sworn copies of papers purporting to be records admissible in evidence, it must be shown that by the laws of the State where such records are made the papers are required to be recorded.

In the case of Childers v. Cutter, 16 Mo. 24, this court decided that church registers were not admissible in evidence, except by special statute, unless they were by the civil law of the country or State where kept recognized as documents of an authentic and public nature. In England, where there is an established church recognized by law, with authority to legislate in respect to parochial registers, the registers made and preserved by the clergy of the established religion are deemed authentic, and copies duly proved are admissible. This authenticity, however, is denied in respect to dissenters, and to make their registers evidence the law must be adduced authorizing them. In this country, where there is no religion established by law, all church registers, like those of the dissenters and foreigners in England, are unauthentic and not regarded as public documents in our courts. (Scott, J., in Childers v. Cutter, *supra*.)

We have now a statute making church registers of marriages, births, baptisms, deaths or interments evidence in this State, where such registers are required to be kept by the ordinances or customs of any religious society or congregation in the State. (Wagn. Stat. 593, §§ 19–20.) But this only extends to our own internal polity, and depends upon a positive municipal regulation.

There is no presumption indulged that the statutory law of New York is the same as ours. As a general rule, courts do not take notice of the laws of a foreign country except so far as they are made to appear by proof. Where the condition of the law of another State becomes material, and no evidence has been offered concerning it, our courts will presume that the general principles

of the common law, which we always consider to be consonant to reason and natural justice, prevail there. But no such presumption obtains respecting the positive statute law of the State. There is generally no probability in point of fact, and there is never any presumption of law that other States or countries have established precisely or substantially the same arbitrary rules which the domestic Legislature has seen fit to enact. (Whitford v. The Panama R.R. Co., 23 N. Y. 465.) As no attempt was made to show that the registry was required to be kept by any authority of law, we think that the deposition was inadmissible, and therefore rightly excluded. Moreover, there was no attempt to show that there was any identity between the parties named in the registry and the parties in controversy here.

Without this additional proof the evidence had no tendency to support the defendant's case. Wherefore the judgment must be affirmed. The other judges concur.