REUBEN E. LADD *vs.* NEW BEDFORD RAILROAD COMPANY.

Bristol.   Oct. 29, 1875. — Jan. 28, 1876.   MORTON & LORD, JJ., absent.

A railroad corporation is not liable to a road master in its employ for an injury sus-
    tained by him while riding in one of its cars, which is thrown down a bank by the
    breaking of a switch on its road, in the absence of evidence that there was any
    negligence in procuring a proper switch, or any defect in the switch which could
    have been discovered upon the most careful inspection, or that the switch was in-
    tended, or could reasonably have been expected, to hold the cars upon the tracks,
    which were driven at unreasonable speed, or of other evidence of negligence for
    which the corporation would be liable.
A railroad corporation is not liable to an employee for an injury sustained by him
    while riding in one of its cars, which is thrown from the track, on the ground that
    the cars were imperfect by the want of check-chains, if he was of the opinion that
    cars without check-chains were dangerous, and knew that some of the defendant's
    cars were not provided with check-chains, and did not notice, until after the accident,
    whether the car in which he was riding had check-chains or not.

TORT by a road master, in the employ of the defendant corpo-
ration, to recover for an injury sustained by him in consequence
of the defendant's cars, in one of which he was riding, being
thrown down a bank by the breaking of a switch on the defend-
ant road.

At the trial in the Superior Court, *Wilkinson*, J., ruled that
the evidence would not warrant a verdict for the plaintiff, and
directed a verdict for the defendant; and the plaintiff alleged
exceptions, the substance of which appears in the opinion.

*E. H. Bennett & W. H. Fox*, for the plaintiff.

*G. A. Torrey*, for the defendant.

GRAY, C. J.   The original declaration alleged that the acci-
dent was caused by the defendant's negligent employment of an
incompetent switchman and an incompetent engineer, and by the
incompetency and negligence of the switchman and the engineer.
But there was no evidence at the trial that the corporation negli-
gently employed incompetent servants; and it was admitted at
the argument that the switchman and the engineer were fellow-
servants of the plaintiff, for whose negligence the corporation
was not liable to him.   *Gilman* v. *Eastern Railroad*, 10 Allen,
233.

The plaintiff now relies upon the amended declaration, which
alleges that the injury was caused by the negligence of the cor-

poration : 1st, in not having a proper switch at this place ; 2d, in the imperfection of its cars by the want of proper check-chains.

1. The corporation was doubtless obliged to use the utmost care consistent with the nature and extent of its business, in providing a proper switch ; but it was not responsible for hidden defects, which could not have been discovered by the most careful inspection. *Ingalls* v. *Bills,* 9 Met. 1. *King* v. *Boston & Worcester Railroad,* 9 Cush. 112. *Simmons* v. *New Bedford, Vineyard & Nantucket Steamboat Co.* 97 Mass. 361. *Ford* v. *Fitchburg Railroad,* 110 Mass. 240. *Readhead* v. *Midland Railway,* L. R. 2 Q. B. 412, and L. R. 4 Q. B. 379.

There was no evidence at the trial that there was any negligence in procuring a proper switch ; or any defect in the switch which could have been discovered upon the most careful inspection ; or that any accident would have happened by reason of the condition of the switch, if there had been no negligence on the part of the engineer in passing over it at an unreasonable rate of speed ; or that the switch was intended, or could reasonably have been expected, to hold cars upon the track which were driven at unreasonable speed.

There was therefore no evidence which would have warranted the jury in finding that the defendant was liable by reason of a defect in the switch. *Duffy* v. *Upton,* 113 Mass. 544.

2. Upon the question whether check-chains were a usual and proper precaution to be taken by the defendant, the evidence was conflicting. But the plaintiff's own testimony showed that for a long time he had been in the employ of the defendant corporation, and had been of opinion that to run trains of cars without check-chains was not safe for passengers ; that he knew that some of the defendant's cars were not provided with check-chains ; and that he did not notice, when he took this car, nor until after the accident, whether it had check-chains or not.

Every corporation has the right to carry on a business which is dangerous, either in itself or in the manner of conducting it, if it is not unlawful, and interferes with no rights of others; and is not liable to one of its servants, who is capable of contracting for himself, and knows the danger attending the business in the manner in which it is conducted, for an injury resulting therefrom. *Priestly* v. *Fowler,* 3 M. & W. 1. *Skipp* v. *Eastern Coun-*

*ties Railway*, 9 Exch. 223.    *Seymour* v. *Maddox*, 16 Q. B. 326.
*Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 585.    *Sul-*
*livan* v. *India Manuf. Co.* 113 Mass. 396.    *Dillon* v. *Union Pa-*
*cific Railroad*, 3 Dillon, 319.

This is not like a case in which the premises or instruments,
upon or by means of which the business is carried on, are tempo-
rarily defective, in which case the master may be liable, espe-
cially if he has promised the servant to repair them, and has
failed to do so.    *Snow* v. *Housatonic Railroad*, 8 Allen, 441.
*Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282.    *Holmes* v.
*Clarke*, 6 H. & N. 349, and 7 H. & N. 937.    *Holmes* v. *Worth-*
*ington*, 2 F. & F. 533.    *Patterson* v. *Pittsburg & Connellsville*
*Railroad*, 76 Penn. St. 389.

As to the case of *Britton* v. *Great Western Cotton Co.* L. R.
7 Ex. 130, cited for the plaintiff, it may be observed : 1st. The
defendant in that case was under absolute obligation by statute to
do what it had failed to do.    2d. The jury found that the plain-
tiff did not know of the risk which he assumed.    3d. The decision
can hardly be reconciled with several previously made by the
same court.    *Dynen* v. *Leach*, 26 L. J. (N. S.) Ex. 221.    *Assop*
v. *Yates*, 2 H. & N. 768.    *Griffiths* v. *Gidlow*, 3 H. & N. 648.

In the case at bar, any risk arising from the want of check-
chains was one incident to the plaintiff's employment, and know-
ingly assumed by him, and for which, therefore, he can maintain
no action against the corporation.          *Exceptions overruled.*