JACOB PFEIFFER, Respondent, *against* GEORGE RINGLER
*et al.*, Appellants.

(Decided May 22d, 1884.)

In a dark passage way of the building in which defendants carried on business was an entrance to an elevator closed by doors and a wooden bar across the entrance. Plaintiff, a workman employed by defendants, going, without being required to do so, through the passage way, while searching for a door to a stairway which was at the end of the passage, by mistake opened the door of the elevator, which was at the side, and pushing in, went under the bar, fell to the bottom of the hoistway, and was injured. *Held*, that even if defendants owed to their workmen the duty of keeping the passage way lighted, as it appeared that a gas burner was placed near the elevator doors, and that one of the workmen was charged with the duty of seeing that the burner was kept lighted, defendants would not be liable to plaintiff for negligence in that respect because the gas was not burning at the time; nor were they liable to him for negligence because they did not, in addition to providing lights, keep the doors of the elevator locked.

APPEAL from a judgment of the General Term of the
Marine Court of the city of New York (now City Court
of New York) affirming a judgment of that court entered
upon the verdict of a jury, and from an order affirming an
order denying a motion for a new trial.

The facts are stated in the opinion.

*Henry Daly, Jr.*, for appellant.

*I. Albert Englehart*, for respondent.

VAN HOESEN, J.—The plaintiff, a laborer in the employ-
ment of the defendants, was at work in the washroom of
the brewery. He says he wished to go to the water closet,
which was situated in the yard attached to the brewery.
The readiest and best way to reach the yard was by ascend-
ing a flight of steps that led from the washroom directly to
the yard. The plaintiff knew where the water closet was,
and knew that the steps that I have mentioned would enable

him to reach the yard without difficulty or danger. There was another and a roundabout way of reaching the yard, but it had its attractions; for it compelled those that took it to pass close to the beer bar. In order to reach the stairway that led to the bar, he was compelled to pass through a dark passageway, at one side of which was a hoistway or elevator that was used for bringing beer from the cellar to the ground floor of the brewery. This elevator was kept closed by doors that were shut at the time the plaintiff entered the passageway; and as a further safeguard, there was a wooden bar extending across the entrance to the elevator. The plaintiff, who had been only a few hours in the service of the defendants, chose to grope his way along the dark passageway instead of going directly up the steps, on his trip to the water closet. For the purpose of getting to the yard, he was searching for the door to the stairway that led to the bar, and, by mistake, opened the door of the elevator, and then, pushing in, went under the wooden bar that stretched across the entrance, and fell to the bottom of the hoistway. The learned justice before whom the action was tried told the jury that the question to be determined was, Were the defendants guilty of negligence in not having the gas burning in the passageway?

This instruction was not excepted to, so that it is not before us for review. But we may with propriety say that the undisputed evidence is that there was a gas burner near to the elevator, and that one of the workmen was charged with the duty of seeing that that burner was kept lighted. Under this state of facts, conceding that it was their duty to keep a light, the defendants could not be charged with negligence by one of their laborers, though the gas might not have been burning in the passageway (*Britt* v. *Alexandre*, 15 Week. Dig. 443).

But in *Stoughtenberg* v. *The Dunbar Box Co.* (13 Week. Dig. 445), the Supreme Court held that employers do not owe to their employés the duty of putting barriers around openings, or of lighting the passageways through the buildings in which their business is carried on; and that dangers

arising from the omission so to light or so to guard, are incident to the business for which the employés are engaged. It is not necessary to go to the length of the case last cited. In saying that the defendants could not be held guilty of negligence with respect to the lighting of the passage, if they furnished the means of lighting it, and a man to do the lighting, I do not mean to say that they owed a duty to their workmen of keeping that passageway lighted. There is excellent authority for holding that no such duty existed (*Seymour* v. *Maddox*, 71 Eng. C. L. 326). Though that case was criticised in *Ryan* v. *Fowler* (24 N. Y. 415), it has frequently been approved (Thompson on Negligence, 995), and is not to be regarded as discredited. All that I intend to say is, that even if it were the duty of the defendants to keep a light in the passageway, the fact that a gas burner was placed there, and that a man was charged with the duty of keeping it lighted, would, under the decision in *Britt* v. *Alexandre*, relieve the defendants from liability to a workman in their service. But in the case of *Ryan* v. *Fowler*, the court said, in distinguishing *Seymour* v. *Maddox* from the case before them, " The plaintiff in that case passed through a dark passage in the night without a light. This was her own act, and may have been negligence on her part; and the defendant did not require any such omission of care on her part, or impose the risk by any necessity in the ordinary course of duty required of the plaintiff."

Those observations are specially applicable to this case, for the plaintiff was not required to go to the water closet by way of the beer bar, nor did his duty call on him to grope without a light in a dark passageway. It was no fault of the defendants that he did so. The case of *Ryan* v. *Fowler* does not, therefore, sustain the plaintiff's right of action.

But it is suggested by the plaintiff that the door of the elevator ought to have been locked. This door was not at the end of the passageway, but at the side. It could be found only by running the hand along the side of the passageway. The plaintiff, undoubtedly, was feeling for the

door of the stairway, which was some feet distant from the door of the elevator. He opened the door, and then put his foot into the elevator hole, and fell. The probability is that he slid underneath the wooden railing or bar that was placed in front of the elevator. Now, what can create the duty on the part of the master to keep the doors on the sides of a dark passageway so secured that it will be absolutely impossible for a workman groping in the dark to open them? Suppose a visitor, a mere licensee, should enter the building, and attempt to explore its dark recesses without a light, would the landlord be responsible for any accident that might happen? Would the occupant be guilty of negligence if he had neglected to lock every door in the house through which a person, feeling his way in the dark, might possibly run into danger? No such duty exists. The plaintiff was not invited into the passageway; but assume that he was so invited; he was not invited to thread its mazes in the dark, to feel his way, like a blind man, along the wall, and to enter the first door he found because he knew that there was a door somewhere that led to the place to which he wished to go. The master owes to the servant the duty of ordinary and reasonable care, but he does not insure the servant against every possibility of injury. It is conceded that if there had been a light there the accident would not have occurred. But the defendants provided the means of lighting the place; how then, can it be contended that they were bound, in addition to providing lights for the passageway, to take the extraordinary precaution of locking the doors? It seems clear that the plaintiff established no case against the defendants. The elevator was in no sense a pitfall; it was not in the pathway, but separated from it by a door that was shut, and it was protected, furthermore, by a railing or bar.

It was error for the court to leave it to the jury to say whether or not the premises had not been altered between the time of the happening of the injury and the date of the trial. There was no testimony whatever that any alteration had been made; and the court had no right to submit the

matter to the jury. To this instruction the defendants duly excepted.

The judgment and the order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT and J. F. DALY, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.