Michaels *v.* Levison.

## City Court.

*Trial Term—June,* 1887.

## MICHAELS *against* LEVISON et al.

A servant always takes the risk of "known dangers," and risks which are patent need not be called to his attention. The plaintiff, an employe of the defendants, fell down stairs, and was injured. He attributed the fall to the want of lights in the hallway. *Held,* that as no lights had ever been used in the hallway, and the danger was patent, no recovery could be had.

Observation is notice, or supplies notice—which is, in effect, the same thing.

Trial by the court without a jury.

*J. H. Goodman* and *S. F. Higgins,* for plaintiff.

*D. Leventritt,* for defendant.

McAdam, Ch. J.—The plaintiff was a workman engaged on the third floor of defendants' workshop. He generally quit work at 6 p. m. On December 6, 1885, he left the workshop as usual, and on reaching the stairway, fell, and injured himself. The action is for damages, and the negligence charged is the failure to have lights in the hallway. The plaintiff had worked on the same floor, and had traveled up and down the same stairs, for two months prior to the accident. No lights had ever been used in

Michaels v. Levison.

the hallway, so that the defendants did not, on the day of the injury, fail to observe any previous habit or duty. If the defendants could have foreseen the danger, it was because the peril was patent, and one which could have been as readily appreciated by the plaintiff as by the defendants.

The evidence which proves negligence against the defendants, in like manner establishes contributory negligence on the part of the plaintiff. As the plaintiff had the same means of discovering the attendant danger as the defendants, each inferentially assumed the risks the situation involved. A servant always takes the risk of "known dangers," for risks which are patent and not latent need not be called to his attention. Observation supplies notice, and where the means of information are equal, the master is not liable (*Beach on Con. Neg.* §§ 133, 140 ; 33 *Reporter*, 280). The teachings of common experience are sufficient to inform all that walking near a stairway in the dark is dangerous, and it requires no great degree of judgment or intelligence to enlighten one to so self-evident a fact. No defect in the stairway, or obstruction upon the hallway or stairs, was proved.

Under the circumstances, the plaintiff failed to establish any legal ground of liability against the defendants and his complaint must be dismissed, with costs.

### Synopsis of Plaintiff's Points.

It is those risks alone which cannot be obviated by the adoption of reasonable measures of precaution by the master that the servant assumes (73 *N. Y.* 40 ; 70 *Id.* 90).

Courts will not nonsuit when any possible inference can be drawn from any of the testimony which would relieve from the charge of contributory negligence (79 *N. Y.* 464, 72 ; 78 *Id.* 518 ; 93 *Id.* 7).

If the conduct of plaintiff was such as people of ordinary prudence would adopt under the same circumstances, he was not guilty of negligence (88 *N. Y.* 51 ; 79 *Id.* 76 , 98 *Id.* 128 ; 93 *Id.* 7 ; 11 *Hun*, 101 ; 41 *Id.* 512).

Michaels *v.* Levison.

### Synopsis of Defendants' Points.

Defendants relied on 12 *Daly,* 437 ; 25 *N. Y.* 562 ; 12 *Hun,* 289 ; 26 *Week. Dig.* 207 ; 13 *Id.* 445 ; 15 *Id.* 443 ; and insisted that continuing in the employ, with knowledge of the defect, absolves the defendants from responsibility (Gibson *v.* E. R. R. Co., 63 *N. Y.* 449 ; Powers *v.* Lake E. & W. R. R. Co., 98 *Id.* 274 ; Shaw *v.* Sheldon, 5 *Cent. Rep.* 41 ; Hickey *v.* Taaffe, 7 *Id.* 72 ; *Sherman & Redfield,* § 99 ; Todd *v.* New Bedford R. R. Co., 119 *Mass.* 412 ; 63 *N. Y.* 449 ; 73 *Id.* 585 ; 3 *N. Y. S. C.* 255). That the darkness was not attributable to defendants (De Forest *v.* Jewitt, 19 *Hun,* 509).

### Duty to Light Hallways.

The New York common pleas intimate, in Pfeiffer *v.* Ringler (12 *Daly,* 439), that an employer does not owe to his workmen the duty of lighting the hallways ; and in O'Sullivan *v.* Norwood (8 *St. Rep* 388), hold that the landlord of a dwelling let in tenements to different tenants owes the duty of lighting the hallways, if this precaution is necessary to make them reasonably safe.

### Need not Furnish Light.

The New York court of appeals has recently settled the question that landlords are not required to furnish artificial light in hallways of tenement houses. Julia H. Halpin brought suit against Thomas C. Townsend, as lessee, and Mr. Coddington, as owner in fee, of the apartment house, No. 151 Fourth Avenue, New York city, for injuries received. Mrs. Halpin was visiting a tenant, and, attempting to go out in the darkness, fell down stairs and broke her arm in two places, and was otherwise injured. Townsend and Coddington denied responsibility. The lower courts held that they were not bound to furnish artificial light in hallways, and the court of appeals has now unanimously affirmed the judgment on the opinion of the lower court. (See *post,* p. 417.)

### Servant Assumes Known Dangers.

A servant assumes all such risks arising from his employment as he knew, or with reasonable prudence might have known, were naturally or reasonably incident thereto ; and he cannot recover against the master for injuries arising from such patent risks. If the machinery furnished by the master contains obvious defects, of which the servant knew, or as a reasonably prudent man might have known, and if he continues in the service after he has discovered, or by the exercise of reasonable care might have discovered, the existence of

such defects, he cannot recover against the master. But in cases where knowledge of the defect does not carry with it knowledge of the resulting danger, the master may be liable.

In the case at bar, the defects in the machinery whereby the injury to the plaintiff was caused, were obvious, but the plaintiff, nevertheless, continued in the employ of the defendant. Knowledge of the defects carried with it knowledge of the danger, and the plaintiff is not entitled to recover.

All servants in the employ of the same master, engaged in a common work and performing duties pertaining to the same general business, are fellow-servants. It is not necessary that the servants should be of the same grade, or engaged in the same common work. But where a superintendent is entrusted with duties incumbent upon the master, and with the supervision of the work and the employment of laborers, such person becomes a vice-principal, and is not a fellow-servant with the other servants.

The superintendent of the works of the defendant in this case is held not to be a vice-principal, but a fellow-servant of the plaintiff.

Whether, upon a given state of facts, a party is a fellow-servant or a vice-principal, is a question of law for the court (Yates v. McCullough Iron Company, court of appeals of Maryland, November 22, 1888).

### Employe does not Assume Dangers he did not Know, and was not Bound to Anticipate.

An interesting case on the ever-recurring question of the assumption of risks by an employe is Scanlon v. Boston & Albany Ry. Co., 18 No. East. Rep. 209.

The plaintiff was injured by being struck by a signal post on the line of the railroad of defendant. He was knocked from the car on which he was and bodily injured

The supreme judicial court of Massachusetts said : "The danger —the risk of injury, which it is claimed that the plaintiff assumed— was not the particular danger from the post which caused the injury, but the general danger from structures and erections near the track. The plaintiff had no actual knowledge of the danger, and he can not be held to have assumed the risk of it, unless the character of the danger, and the circumstances are such as to show that he ought to have known and appreciated it. The fact that it was incident to the employment is not sufficient. Danger from dangerous machinery or appliances or structures is incident to employment upon them, but

Michaels *v.* Levison.

the risk is not assumed by the employe, unless he knows the danger, or unless it is so obviously incident that he will be presumed to know it. The danger in this case was not from objects casually or accidentally near the side of the car, but from permanent erections, maintained near the track by the defendant. The circumstances are not such that the plaintiff will be presumed to, or ought to have known of the danger. He did not know that there were erections so near the track as to endanger him. Such erections were, in fact, few and exceptional. Within fifteen miles of Boston there were three signal posts, one telegraph pole, and three bridges and abutments. It does not appear whether there were any others upon the road. It was the plaintiff's first trip as brakeman. He was unfamiliar with the road and with the running of trains, and was not informed that there was any such danger, or in any way cautioned in regard to it ; and he had no reason to know that there were permanent erections so near the tracks as to make it dangerous for him to be upon the place on the car which was provided by the defendant.

"Lovejoy *v.* Railroad Co., 125 *Mass.* 79, was a case in some respects very similar to this. An engineer, leaning out from the cab of his engine, was struck by a signal post. The post was one of a series equally distant from the track. The abutments of forty-six bridges, and numerous buildings, station entrances and other structures on the line of the railroad, were as near to the track. And these facts were known to the plaintiff. The court says : 'If there was any danger to the plaintiff while in the performance of his duties from the structures thus placed, it was a risk he had assumed. He knew the manner in which the road was constructed, and the proximity to the track of these structures, and the methods employed in the management of the trains. The defendant had the right to construct its road, and conduct its business in this manner ; and, as was said in Ladd *v.* Railroad Co., 119 *Mass.* 412, is not liable to one of its servants, who is capable of contracting for himself, and knows the danger attending the business in the manner in which it is conducted, for an injury resulting therefrom.'

"In Yeaton *v.* Railroad Co., 135 *Mass.* 418, the plaintiff was employed upon a switching engine, which was used to move cars about the defendant's yard, and part of plaintiff's business was to move damaged cars, and he knew the danger that attended handling them, and sometimes examined cars to see if they were damaged. The court held that the defendant was not bound to give notice to the plaintiff that a particular car, which was in the yard to be moved, was defective, but that the plaintiff took the risk of ascertaining that fact. In the case at bar it was the general danger from permanent structures of which the defendant failed to give notice.

"Leary *v.* Railroad Co., 139 *Mass.*, 580, was the case of a fireman upon a switching engine, who was standing upon the foot-board of the engine. and was thrown off by the jolting of the engine in crossing frogs and switches. It was held that the plaintiff had full knowledge of the danger, and rssumed the risk, and that the defendant was not in fault.

"In Ferren *v.* Railroad Co., 143 *Mass.* 197, the plaintiff was injured by being pressed between a car which he was pushing and a building. He knew the position of the building and of the car, but did not appreciate the peril. The court says : 'The material point of distinction between this case and many others is that here it is open to the jury to find that the plaintiff did not know or appreciate the risk of the work upon which he was engaged, and that, in the exercise of due care, he was not, as matter of law, bound to know or appreciate the same.' In the case at bar, we think that the danger was not so obviously incident to the employment that the plaintiff can be held to have assumed the risk of injury from it, and that it can not be said, as matter of law, that he was bound to know and appreciate the danger."

### Contributory Negligence Defined.

Contributory negligence is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care, as, concurring or co-operating with the negligent act of the defendant, is a proximate cause or occasion of the injury complained of (*Beach on Cont. Neg.*).

### General Note.

### Contributory Negligence induced by Defendant.

The law in such cases is clearly laid down in Beach on Contributory Negligence, pp. 71, 72. "Where the defendant by his own neglect or wrongful act throws the plaintiff off his guard, or when the plaintiff acts, in a given instance, *upon a reasonable supposition of safety induced by the defendant,* when there is really danger which, *but for the defenaant's inducement,* might be imputed to the plaintiff as negligence sufficient to prevent a recovery, such conduct on the part of the plaintiff, so induced, *will not constitute contributory negligence in law,* and the defendant will not be heard to say that the plaintiff's conduct under such circumstances is negligent for the purpose of a defense to the action.

"The defendant, by his own negligent conduct, which has occasioned the conduct of the plaintiff, *is estopped* in a certain sense from making the defense that the plaintiff's conduct was negligent, or, in

other words, he is not allowed *first to induce the plaintiff to be careless, and then to plead that carelessness as a defense* to an action against him for the mischief that has been the result the defendant must not take advantage of his own wrong in such a way as that " (see also 2 *Thompson on Neg.* 1173; Morrissey v. Wiggen's Ferry Co., 47 *Mo.* 521).

*Not negligence not to anticipate fault of another* (2 *Thompson on Neg.* 1172).

*Plaintiff acting erroneously under impulse of fear produced by defendant's negligence* (*Id.* 1174).

*Plaintiff acting erroneously in endeavoring to save life of another* (*Id.* 1174),

*Effect of intoxication* (*Id.* 1174).

*Effect of statutes* (*Id.* 1175).