MICHAEL GRESS, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 28, 1904.**

1. **PASSENGER CARRIERS: Time to Alight: Negligence: Jury Question.** Under the evidence it is held that the question of defendant's negligence in not stopping its train a sufficient length of time to allow an old man to leave same with safety, should go to the jury.

2. ——: ——: **Contributory Negligence: Jury Question.** On the evidence it is further held that the question of the passenger's contributory negligence in attempting to leave the train was likewise properly submitted to the jury.

3. ——: ——: ——: ——. Contributory negligence is generally to be determined upon the circumstances of each case, and it is improper to select one prominent and important fact and declare the same as a matter of law to be contributory negligence.

4. ——: ——: ——: ——. Where a passenger leaves a train moving at five or more miles an hour the court may be warranted in holding such action as contributory negligence, provided the facts are undisputed; otherwise it is a question for the jury.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell*, Judge.

AFFIRMED.

*W. S. Shirk* for appellant.

(1)    There can be no doubt but that the plaintiff in jumping off of the train under the circumstances shown by the plaintiff's own evidence, was guilty of such a careless and reckless act as precludes a recovery by him for his injury. Murphy v. Railroad, 43 Mo. App. 354; Heaton v. Railroad, 65 Mo. App. 479; Nelson

v. Railroad, 68 Mo. 593; Hunter v. Railroad, 126 N. Y. 18; Kelly v. Railroad, 70 Mo. 604; Fulks v. Railroad, 111 Mo. 335; Railroad v. Rosenberry, 45 Ark. 256. The peremptory instruction prayed by the defendant at the close of the whole case should have been given. Weber v. Railroad, 100 Mo. 206; Eberly v. Railroad, 96 Mo. 361; Glover v. Bolt, 153 Mo. 343. (3) "To attempt to get on or off a train in rapid motion would be an act of gross negligence." Judge Black in Fulks v. Railroad, 111 Mo. 340; Kelly v. Railroad, 70 Mo. 608; Nelson v. Railroad, 68 Mo. 596; Dora v. Railroad, 59 Mo. 38; Colworthy v. Railroad, 80 Mo. 223; Murphy v. Railroad, 43 Mo. App. 354. (4) The plaintiff was old, feeble and rheumatic. "A young, healthy and vigorous man may assume risks which would be culpable negligence in another of feeble or protracted age." Doss v. Railroad, 59 Mo. 38; Shearman & Redfield on Neg., c. 30; Filer v. Railroad, 49 N. Y. 47.

SMITH, P. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant. Under the pleadings the issues which the court was required to determine were (1), whether or not the defendant negligently failed to stop its train at its station for a sufficient length of time to enable the plaintiff with safety to leave it; (2), if it—the defendant—did not so stop whether or not the plaintiff was in consequence thereof injured; and (3), if he was so injured, then whether or not he was himself guilty of contributory negligence. The cause was tried to a jury. At the conclusion of the evidence the defendant interposed a demurrer thereto which was by the court denied.

An examination of the record has convinced us that the evidence introduced was sufficient to entitle the plaintiff to go to the jury on the first issue—that is to say, that of defendant's negligence. It appears that the plaintiff—a man nearly eighty years of age

actively engaged in farming—was a passenger on the defendant's train which consisted of the engine and three cars; that the plaintiff paid his fare from Chamois to St. Aubert, the latter station being some five miles west of the former; that there was something like a half dozen passengers on the train and that it was behind time; that when the train reached the platform of the St. Aubert station it did not stand still more than about five seconds, whereas it customarily stopped there from one to two minutes—or something like that—depending on the number of passengers there leaving or entering its cars; that the plaintiff and two other passengers were riding in the smoking or forward passenger car and when it came to a stop at the station they got up from their seats which were very near the front door and started to go out of that door, and by the time they reached the platform the car was again in motion; that the two passengers who had occupied seats near plaintiff preceded him in making their exit; that they jumped from the platform and the plaintiff in endeavoring to do so fell to the ground where one of his feet was caught under the moving cars and crushed; and that amputation became necessary so that the injury resulted in the loss of his leg. When the train stopped the conductor was on the rear platform of the smoking car and it was from there that he gave the signal to the engineer to start; that he was in full view of the platform of the station from the time the train stopped until it started and could have seen, had he looked, that the plaintiff was not among the few people on the platform when he gave the signal to start; that it was in the broad light of day when the accident happened and he either saw, or could have seen, if he had chosen to look, that the plaintiff was still on the platform at the other end of the smoking car endeavoring to alight; and notwithstanding this, he gave the signal and thereby started the train. There was other evidence introduced which had a tendency to

prove that the time the train stopped was unusually short and wholly insufficient to allow its passengers acting expeditiously to leave its cars before it again started.

It is needless to say that it was the duty of the defendant to stop the train at its station long enough to allow passengers acting expeditiously to leave it in safety. [Richmond v. Railroad, 49 Mo. App. 104, and authorities there cited.] And we think the evidence here tends to show a most palpable neglect of this duty for the injurious consequences of which there ought to be liability.

Respecting the issue as to whether or not the defendant's charge that plaintiff was guilty of contributory negligence is well grounded, it may be observed that when the plaintiff undertook to leave the train it was moving, according to the testimony of some of plaintiff's witnesses, from ten to twelve miles an hour. It is not negligence per se for a passenger to jump from a train which is moving. [Murphy v. Railroad, 43 Mo. App. l. c. 348; Richmond v. Railroad, ante; Beach on Contrib. Negl., sec. 53.] Whether or not a railway company shall be held liable in damages for injuries sustained by a passenger attempting to leave one of its cars while it is in motion will depend on all the circumstances as to whether it was prudent for him to make the attempt. When an injury has been received by the reckless act of a passenger in an attempt to leave the train while it is in motion, no recovery can be had although the company may have disregarded a duty imposed by law in failing to stop at a station. So when a railway company fails to bring its train to a full stop at a station, or if after it fails to do so it starts before the passengers acting expeditiously have time to safely leave the train, it will be liable in damages for injuries sustained by a passenger in attempting to get off, if, under all the circumstances, it was prudent for him to do so. The circumstances of

each case must be considered in determining whether in that case there was contributory negligence. And it is not sound to select one prominent and important fact which may be disclosed in many cases, and say that it being present, there must, as a matter of law, be contributory negligence. The circumstances vary infinitely and always more or less control each other. [Richmond v. Railroad, ante; Karle v. Railroad, 55 Mo. 476; Morrissey v. Ferry Co., 47 Mo. 521.]

The circumstances to be considered in determining the question whether or not the plaintiff in such case is guilty of contributory negligence, or want of ordinary care, are such as, speed of train, conduct of the conductor, the age and activity of the plaintiff—and the like. [Richmond v. Railroad, ante, l. c. 108.] In Murphy v. Railroad, already cited, the opinion was expressed that it was not necessarily negligent for a person to attempt to get off or on a train moving at the rate of four miles an hour. If the plaintiff attempted to leave the defendant's train when it was moving, as some of the witnesses testified it was, at the rate of five miles and upwards an hour, the court was warranted in declaring, as a matter of law, that it was a reckless and imprudent exposure of his person to a peril for which the defendant could not be held responsible. But if, as testified by others, the train was not moving at a greater rate of speed than three miles an hour, it seems to us that the case thus presented is one where men of ordinary intelligence might reasonably differ as to the hazard of the act, and it was therefore one for the determination of the jury.

When the facts of a case are undisputed and are such that reasonable minds can draw no other conclusion than that the plaintiff was in fault, then the court can determine the question of contributory negligence as one at law. [Fowler v. Randall, 99 Mo. App. l. c. 414.] Whether or not it was prudent for the plaintiff, under the circumstances disclosed by the evidence, to have

attempted to leave the defendant's train, was, in the light of the principles to which we have already adverted, a question for the jury and not for the court to decide. Accordingly, we must conclude that the case was properly submitted to the jury whose verdict is conclusive on us.

The judgment is affirmed. All concur.