## ANN E. HECKER, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 19, 1904.

1. **PASSENGER CARRIERS: Alighting from Train: Contributory Negligence: Demurrer to Evidence.** Where a lady passenger sixty-three years of age, weighing two hundred pounds, alights from a train moving five or six miles an hour, she is guilty of contributory negligence precluding a recovery for injuries sustained.

2. ———: ———: **Pleading: Variance. Broaddus, J.,** in a separate opinion: The petition avers that after stopping at the station, and while plaintiff was in the act of alighting, the train was suddenly put in motion, causing the passenger to be thrown, etc. Evidence showed an attempt to alight from the train while in motion. *Held,* a fatal variance.

Appeal from Jackson Circuit Court.—*Hon. S. C. Douglass,* Judge.

REVERSED.

*Scarritt, Griffith & Jones* for appellant.

(1)    The facts shown by the record about which there are no dispute show plaintiff to have been guilty of contributory negligence. Weber v. Railroad, 100 Mo. 194; Neville v. Railroad, 158 Mo. 293; Railroad v. Landauer, 36 Neb. 642; Straus v. Railroad, 75 Mo. 191; Nelson v. Railroad, 68 Mo. 593.

*Hollis & Fidler* for respondent.

(1)    The question of contributory negligence was for the jury. The jurors being the judges of the facts and of the credibility of the witnesses and the weight of the evidence, this court will not disturb the verdict found for plaintiff. Black v. Railroad, 172 Mo. 177; Minnier v. Railroad, 167 Mo. 99.

SMITH, P. J.—Action to recover damages for personal injuries. The petition alleged that, ''when defendant's train arrived at the station of defendant at Marshall, Missouri, it stopped for passengers to alight therefrom; that plaintiff then and there attempted to alight from the car of said train together with a large number of other passengers when the defendant, without allowing plaintiff a reasonable time to alight and while she was in the act of alighting, did by its agents and servants in charge of said train carelessly and negligently put said train in motion without warning to plaintiff and while said servants knew, or by reasonable care and caution on their part would have known that plaintiff was in the act of alighting therefrom, which careless and negligent act in moving said train caused plaintiff to fall on the platform of defendant's depot with great force and violence, striking her head, body and limbs and greatly injuring her.''

The undisputed evidence tended to prove that the plaintiff was a woman sixty-three years of age weighing about 200 pounds and accustomed to travel on railway trains; that she purchased of defendant an excursion ticket which entitled her to passage on its train from Kansas City to Marshall or Glasgow; that when the train on which she took passage reached Marshall the brakeman called out the station and the train accordingly stopped there; that plaintiff occupied a seat in the second car from the rear end of the train which consisted of nine cars; that it stopped at the station about seven minutes and then started forward, and when it had attained a speed of five or six miles an hour the plaintiff stepped off backwards from the step of the car on which she was riding and fell on the east end of the station platform which platform was 314 feet in length; that she suffered some considerable personal injuries from the fall. The verdict was for

$500, on which judgment was given for her accordingly, and to reverse which this appeal is prosecuted here.

At the conclusion of the evidence the defendant requested and the court refused a peremptory instruction telling the jury that under the pleadings and evidence the plaintiff was not entitled to recover, and this action of the court is here urged as one of the grounds for the reversal of the judgment.

It may be well doubted whether or not under the evidence the plaintiff made out a prima facie case of negligence on the part of defendant entitling her to a submission to the jury. But conceding that the defendant was guilty of negligence, as alleged in her petition, was she not herself guilty of such contributory negligence as precluded her right to recover? It is needless to say that it was the duty of defendant to stop its train long enough to allow its passengers acting expeditiously to leave it in safety. [Richmond v. Railroad, 49 Mo. App. 104.] In respect to the issue of contributory negligence, it may be remarked that when the plaintiff undertook to leave the defendant's train it was moving at the rate of five or six miles an hour. It is not ordinarily negligence *per se* for a passenger to attempt to leave a moving train. [Murphy v. Railroad, 43 Mo. App. 348; Richmond v. Railroad, 49 Mo. App. ante; Peck v. Transit Co., 178 Mo. l. c. 627.]

Whether a railway company shall be held liable in damages for injuries sustained by a passenger attempting to leave a car of one of its trains while it is in motion will depend on all the circumstances as to whether it was prudent for him to make the attempt. When an injury has been received by the reckless act of a passenger in an attempt to leave a train while it is in motion no recovery can be had, although the company may have disregarded a duty imposed by law in failing to stop at a station long enough to enable passengers acting expeditiously to leave the same in safety. The circumstances of each case must be con-

sidered in determining whether or not in that case there was contributory negligence. The circumstances to be considered in determining whether or not the plaintiff was guilty of contributory negligence are such as, speed of train, age and activity of the plaintiff, and the like. [Richmond v. Railroad, ante.] In Murphy v. Railroad, ante, the opinion was expressed that it was not necessarily negligence for a person to attempt to get off or on a train moving at four miles an hour. But in Gress v. Railroad, 109 Mo. App. 716, the opinion was expressed that, "if the plaintiff attempted to leave the defendant's train while it was moving at the rate of five miles and upwards an hour, the court was warranted in declaring, as a matter of law, that it was a reckless and imprudent exposure of his person to a peril, for which the defendant could not be held responsible."

In the present case a lady sixty-three years of age having an avoirdupois of two hundred pounds attempted to leave a train at a time when it had attained a speed of from five to six miles an hour. This, it seems to us, was such a reckless and imprudent exposure of her person to a peril as to preclude her right to recover for the injuries thereby sustained. Where the facts of a case, as here, are undisputed, and are such that reasonable minds can draw no other conclusion than that the plaintiff was in fault, then the court can determine the question of contributory negligence as one of law. [Fowler v. Randall, 99 Mo. App. l. c. 414; Gress v. Railroad, ante.] Tested by this rule, the case here is that in which we are authorized as a matter of law to conclude plaintiff guilty of such contributory negligence as disentitled her to a recovery.

Accordingly, we must hold that the court erred in denying defendant's demurrer to the evidence, and for that reason the judgment must be reversed. All concur.

SEPARATE CONCURRING OPINION.

BROADDUS, J.—I agree to the conclusion arrived at by Presiding Judge SMITH in the opinion that plaintiff was not entitled to recover. But I base my conclusion on the ground that plaintiff's evidence did not support the allegations of her petition, which are to the effect that after the train had stopped at the station, and while she was in the act of alighting, the train was suddenly put in motion, which caused her to be thrown upon the platform, whereby she was injured. If she attempted to alight from the train while it was in motion she was not entitled to recover, as it made no difference how slow the train was moving, for she did not seek to recover for negligence of defendant while she was attempting to alight from a moving train. [Peck v. Transit Co., 178 Mo. 627; Bond v. Railroad, 110 Mo. App. 131.]