## ROBERT C. CRAIG, Appellant, v. WABASH RAILROAD COMPANY, Respondent.

**Kansas City Court of Appeals, March 7, 1910.**

1. CARRIERS: Duty to Passenger Leaving Train. The carrier's duty to exercise extraordinary care exists while the passenger is leaving the train as well as while he is in transit.

2. ————: Not Insurers. A carrier does not insure the safety of its passengers.

3. ————: Duty of Passenger: Contributory Negligence. Generally, a passenger should not alight until the train is stopped, or is moving so slow as not to enhance danger of alighting.

4. ————: Negligence in Starting. Where a passenger is properly alighting from a standing train and is then injured by its moving, he need not prove that it was recklessly moved or jerked.

5. ————: Pleading: Instructions: Changing Theory of Case. Plaintiff's petition charged that a train on which he was a passenger was suddenly and recklessly jerked backward while he was in the act of alighting therefrom, and he offered some evidence to that effect. His instructions authorized a verdict if the train was "negligently" started while he was in the act of alighting. Defendant's instructions put on plaintiff the burden of proving that the train was negligently jerked backward. The instructions were not strictly in conflict, and a finding for defendant should not be reversed. Plaintiff is bound by the theory of his petition.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*W. A. Franken* and *Busby & Busby* for appellant.

Where plaintiff's petition contains averments unnecessary to make his case, he need not prove all the facts so averred. Pattison's Mo. Code Plead., sec. 74; Gann v. Railroad, 72 Mo. App. 34; Radcliffe v. Railroad, 90 Mo. 127; Campbell v. Railroad, 121 Mo. 340; Walker v. Railroad, 68 Mo. App. 465.

*J. L. Minnis* and *Jones & Conkling* for respondent.

(1) Plaintiff must recover on the cause of action alleged in his petition. He cannot plead one cause of action and recover on another or different cause of action. Bond v. Railroad, 110 Mo. App. 138; Behen v. Transit Co., 196 Mo. 437; Green v. Railroad, 122 Mo. App. 652. (2) Plaintiff will be held to the theory on which he alleged his cause of action and presented it in the trial court. He will not be permitted, after alleging that the car started backwards suddenly, negligently and recklessly, and treating these as substantial and necessary averments in the trial of the case, and then, after a failure to prove them, treat them as mere surplusage or unnecessary averments. James v. Casualty Co., 113 Mo. App. 626; Foland v. Railroad, 119 Mo. App. 284; Harwood v. Toms, 130 Mo. 225; Kilpatrick v. Wiley, 197 Mo. 123; Chinn v. Nailer, 182 Mo. 583; Horan v. Brady, 155 Mo. 659. (3) The instructions for both plaintiff and defendant will be read together as the law of the case. Reading the instructions in the case at bar in their entirety, they cover all the issues in the case and fairly present the case to the jury, and hence, are not subject to the criticism and complaint which appellant makes against them. Shanahan v. Transit Co., 109 Mo. App. 232; Owens v. Railroad, 95 Mo. 181; Orcutt v. Building Co., 214 Mo. 52; Matthew v. Railroad, 115 Mo. App. 471.

BROADDUS, P. J.—This is an action, by plaintiff, to recover damages for injuries he alleges he received as a passenger, as the result of defendant's negligence while he was in the act of getting off of one of its cars. On January 20, 1908, plaintiff took passage on defendant's train at Carrollton, Missouri, for Miami. The train when it reached the latter place went beyond the usual stopping place at the station, then stopped. After it stopped plaintiff got up from his seat and went out upon the platform preparatory to getting off. About this time the train started backward towards the usual stopping place, the plaintiff attempted to alight, fell and was injured.

The petition after alleging the facts as stated, charges defendant's negligence as follows: "The servants and employees of defendant in charge of said train, without notice to plaintiff, and without giving plaintiff sufficient time to alight from said train, suddenly, negligently and recklessly moved and jerked said train backward, whereby plaintiff, without fault on his part, was thrown to the platform with great force and violence," etc.

The finding and judgment were for the defendant and plaintiff appealed. Several instructions were given by the court for each party. It is to the giving in behalf of defendant of instructions number two and three plaintiff complains. These instructions place the burden upon plaintiff to prove, in order to recover, that the trainmen in charge, while plaintiff was attempting to alight, suddenly and negligently jerked said train backward so as to throw him off the steps of the car.

It is well-settled law that the carrier is required to exercise the same degree of care for the passenger's safety while he is leaving its conveyance, as is required while he is in transit, that is, the extraordinary care imposed by law. [Fillingham v. Transit Co., 102 Mo. App. 573; O'Brien v. Transit Co., 185 Mo. 263.]

While the law imposes this extraordinary duty upon the carrier, the carrier is not the insurer of the safety of his passenger who is held to exercise reasonable care for his own safety when in the act of alighting from the carrier's conveyance. As a general rule he should await until such conveyance has come to a complete stop or is moving so slowly as not to enhance the danger attending an attempt to alight. [Saeger v. Railroad, 131 Mo. App. 287; Madden v. Railroad, 50 Mo. App. 677; Gress v. Railroad, 109 Mo. App. 719.]

The defense is a general denial of negligence and an allegation of contributory negligence upon the part of plaintiff.

It is contended by plaintiff he was not required to prove that the train was suddenly and recklessly moved and jerked back in order to establish his right to recover. And it has been so held. It is said, that, "the negligence of the gripman in the manner of moving the train is immaterial, since the starting of the car while passengers are alighting is negligence." [Nelson v. Railroad, 113 Mo. App. 702; Duffy v. Transit Co., 104 Mo. App. 235.]

It is held, however, in a case like this in every important particular, that "An instruction undertaking to inform the jury as to the act of negligence which formed the gravamen of the plaintiff's case could not have been correctly framed without stating it substantially as it was stated in this instruction. Whilst the stopping of the car and plaintiff's attempting to alight were not acts of negligence, yet they constituted the condition which rendered the starting of the car an act of negligence according to the petition. The instruction merely stated the act of negligence as plaintiff had stated it in the petition *and in the instruction asked by her,* and in the only way it could be intelligently stated to conform to plaintiff's theory." [Peck v. Transit Co., 178 Mo. l. c. 625.] The words italicised

by us constitute the only difference in the two cases. The plaintiff and one of his witnesses testified that he was thrown off the car by the jerk of the train. Some of his witnesses testify that the jerk was not extraordinary but such as was usual in the backing of a train.

Plaintiff did not in his instruction use words expressing a sudden and violent movement of the train backward, but that defendant carelessly and negligently started it while he was in the act of alighting. The defendant's instructions are not strictly speaking in conflict with the plaintiff's, but they do confine the plaintiff in his right of recovery to the allegations of his petition.

The plaintiff should have been consistent in the theory of his case, and should have informed the court in some definite manner that he was trying it upon a different theory from that alleged in his petition and to which he addressed his evidence. His instruction containing the words, "carelessly and negligently started the train," would by every reasonable intendment include the expressions of violence employed in the petition. Having tried his case upon the theory alleged in his petition, he will not be permitted at this late date to avail himself of another and different theory in order to procure a reversal of the judgment. It would not be fair to the trial judge and his antagonist. Affirmed. All concur.